Stephen G. Recordon (SBN 91401)
**RECORDON & RECORDON**
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
Email: sgrecordon@aol.com

Clinton Rooney (SBN 221628)
**ROONEY & LICKEL**
1102 Cesar E Chavez Parkway
San Diego, CA 92113
Tel: (619) 573-9547
Email: rooneycd1@gmail.com

Matthew B. Butler (SBN 201781)
**NICHOLAS & BUTLER, LLP**
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: mbutler@nblaw.org

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MARTINEZ, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CACH, LLC, and DOES 1 through 25<br><br>Defendant. | CASE NO.: '10 CV 1625 DMS JMA<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT AND VIOLATIONS OF THE ROSENTHAL ACT**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

///

///

## INTRODUCTION

1. Plaintiff Jesus Martinez, through his counsel, brings this action to challenge the acts of CACH, LLC (hereinafter "CACH") regarding attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

7. As CACH does business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over CACH for purposes of this action.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this district.

## PARTIES

9. Plaintiff is a natural person, an adult, and resides in San Diego County, California.

10. Plaintiff is informed and believes and thereon alleges that Defendant CACH, LLC ("CACH") is a Colorado limited liability company, or LLC, doing business in the state of California and, in particular, San Diego County.

///

11. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

12. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

13. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTS COMMON TO ALL CLAIMS

16. Sometime before December 8, 2009, Plaintiff is alleged to have incurred certain financial obligations to Bank of America, NA.

17. These financial obligations were primarily for personal, family or household purposes and were therefore a "debt" as that term is defined at 15 U.S.C. §1692a(5).

18. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

19. Subsequently, but before December 8, 2009, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant CACH for collection.

20. On December 8, 2009, CACH filed a Complaint in the Superior Court of California for the County of San Diego against Mr. Martinez claiming a debt, based on the above alleged debt to Citibank (South Dakota) NA, based on theories of Breach of Contract, Open Book Account and Account Stated.

21. The case number of the above December 8, 2009 Complaint was 37-2009-00062391-CL-CL-NC. A copy of this December 8, 2009 Complaint is attached as Exhibit A.

22. In the above December 8, 2009 Complaint, CACH claimed a right to 24.50 percent fixed interest on the debt alleged.

23. However, CACH did not have the right to charge 24.5 percent fixed interest on the debt alleged, or any fixed rate of interest at greater than California's legal rate of 10 percent.

24. CACH did not hold rights under any contract with Mr. Martinez giving CACH, Bank of America, or any other party, the right to charge 24.5 percent fixed interest, or any other fixed rate of interest.

25. On March 22, 2010, CACH filed a "Declaration in Support of Entry of Judgment by Default by Court" in the above action, in which CACH's authorized agent Kara Egizi declared that a Bank of America form contract attached to Ms. Egizi's declaration as Exhibit A was the contract governing the account at issue.

26. This Bank of America form contract provided for a variable interest rate, not a fixed rate of 24.5 percent.

27. A copy of Ms. Egizi's Declaration and the Bank of America form contract are attached as Exhibit B.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action on behalf of himself and the members of the following class ( "Class One") defined as (i) all persons that are "consumers" as that term is defined by 15 U.S.C. § 1692a(3); (ii) that were sued by Defendant CACH (iii) in any California Superior Court; (iv) within one year prior to the filing of this action; (v) for variable-rate financial obligations allegedly owed at one time to any creditor that subsequently assigned, placed, or otherwise transferred to Defendant CACH for collection; (vi) where said obligations were primarily for

personal, family or household purposes; and (vii) where Defendant CACH claimed a right to a fixed rate of interest greater than California's legal rate of ten percent.

29. Plaintiff brings this action on behalf of himself and the members of the following class ("Class Two") defined as (i) all persons that are "consumers" as that term is defined by California Civil Code § 1788.2(b); (ii) that were sued by Defendant CACH (iii) in any California Superior Court; (iv) within one year prior to the filing of this action; (v) for variable-rate financial obligations allegedly owed at one time to any creditor that subsequently assigned, placed, or otherwise transferred to Defendant CACH for collection; (vi) where said obligations were primarily for personal, family or household purposes; and (vii) where Defendant CACH claimed a right to a fixed rate of interest greater than California's legal rate of ten percent.

30. For purposes of the First Claim for Relief, the FDCPA Claim, the class period is one year prior to the filing of the Original Complaint.

31. For purposes of the Second Claim for Relief, the Rosenthal Act Claim, the class period is one year prior to the filing of the Original Complaint.

32. Defendants' conduct has imposed a common injury on the members of Class One and Class Two.

33. Defendants have acted, and refused to act, on ground generally applicable to Class One and Class Two, which makes final injunctive relief with respect to each claim as a whole appropriate.

34. The representative Plaintiff faithfully represents, and is a member of, Class One and Class Two.

35. Class One is composed of hundreds or thousands of persons, the joinder of which would be impractical.

36. Class Two is composed of hundreds or thousands of persons, the joinder of which would be impractical.

37. The individual identities of the individual members are ascertainable through Defendant's records or by public notice.

///

38. There is a well-defined community of interest in the questions of law and fact involved affecting the members of Class One.

39. There is a well-defined community of interest in the questions of law and fact involved affecting the members of Class Two.

40. The questions of law and fact common to Class One and Class Two predominate over questions affecting only individual class members, and include, but are not limited to, the following:

    (a) Whether Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.;

    (b) Whether Defendants violated California's Rosenthal Act, Cal. Civ. Code §§ 1788 et seq.;

    (c) Whether Class One is entitled to the remedies available to Plaintiff under the FDCPA;

    (d) Whether Class Two is entitled to the remedies available to Plaintiff in California's Rosenthal Act;

    (e) Whether Class One is entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

    (f) Whether Class Two is entitled to an award of reasonable attorneys' fees and costs of suit pursuant to California's Rosenthal Act;

    (g) Whether Class One is entitled to any other remedies; and

    (h) Whether Class Two is entitled to any other remedies.

    (i) Whether it was appropriate to claim an interest rate beyond the legal rate in actions made by Defendant against members of Class One and Class Two to collect outstanding debts.

41. Plaintiff will fairly and adequately protect the interests of both classes.

42. Plaintiff retained counsel experienced in handling class claims and claims involving unlawful collection practices.

///

43. Plaintiff's claims are typical of the claims of both classes, which all arise from the same operative facts involving unlawful collection practices.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal and State Law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action are $1,000.00 and an additional $1,000.00 under California's Rosenthal Act. Management of these claims are likely to present significantly fewer difficulties than those presented in many class claims, such as claims for securities fraud.

45. Defendant has acted on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole.

46. Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

47. Unless a class is certified, Defendants will retain monies received as a result of its conduct taken against the members of each class and the Plaintiff. Unless a class-wide injunction for each class is issued, Defendants will continue to commit the violations alleged, and members of each class will continue to be harmed.

## FIRST CAUSE OF ACTION

### (Class Claim for violations of the FDCPA by CACH)

48. Plaintiff and the member of Class One repeat, re-allege, and incorporate by reference all the allegations contained in the paragraphs above.

49. Based on information and belief, Defendant CACH violated the FDCPA. Defendant's violations include, but are not limited to the following:

    a. *15 U.S.C. §1692e* by making a false, misleading or deceptive misrepresentation in connection with the collection of a debt

    b. *15 U.S.C. §1692f(1)* by collecting an amount not authorized by agreement or statute by claiming a right to collect a fixed rate of interest over ten percent, when CACH is not authorized to do so under any agreement or statute; and

   c. *15 U.S.C. §1692f* by using an unfair or unconscionable means to collect or attempt to collect a claimed debt.

50. As a proximate result of each and every violation of the FDCPA committed by Defendant CACH during the Class Period, Plaintiff and the members of Class One are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant CACH.

## SECOND CAUSE OF ACTION

**(Class Claim for violations of the Rosenthal Act by CACH)**

51. Plaintiff and the member of Class Two repeat, re-allege, and incorporate by reference all the allegations contained in the paragraphs above.

52. Based on information and belief, Defendant CACH's acts and omissions violated *California Civil Code § 1788 et seq*, including, but not limited to the following sections: *California Civil Code § 1788.17*.

53. Based on information and belief, Defendant's violations of *California Civil Code § 1788.17*, which incorporates several of the provisions of the FDCPA, include:

   a. *15 U.S.C. §1692e* by making a false, misleading or deceptive misrepresentation in connection with the collection of a debt;.

   b. *15 U.S.C. §1692f(1)* by collecting an amount not authorized by agreement or statute by claiming a right to collect a fixed rate of interest over ten percent, when CACH is not authorized to do so under any agreement or statute; and

   c. *15 U.S.C.* §1692f by using an unfair or unconscionable means to collect or attempt to collect a claimed debt.

54. Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to *Civil Code § 1788.30(b)*.

55. As a proximate result of each and every violation of the Rosenthal Act committed by Defendant CACH during the Class Period, Plaintiff and the members of Class Two are entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an

amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and, reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant CACH.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the members of Class One and Class Two pray that judgment be entered against Defendant CACH, and pray for the following relief:

1. An award of actual damages pursuant to 15 U.S.C. § 1692k (a)(1) against Defendant CACH and for the Plaintiff and the members of Class One;

2. An award of statutory damages of $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant CACH and for the Plaintiff and the members of Class One;

3. An award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendant CACH and for Plaintiff and the members of Class Two;

4. An award of statutory damages of $1,000.00 each pursuant to California Civil Code § 1788.30(b) against Defendant CACH and for Plaintiff and the members of Class Two;

5. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code § 1788.30(c) against Defendant CACH; and

6. Such other and further relief this court may deem just and proper.

### JURY DEMAND

1. Plaintiff demands a trial by jury.

DATED: August 3, 2010        BY: *[signature]*
                                 Stephen Recordon
                                 Attorney for Plaintiffs

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
JESUS MARTINEZ, an individual, on behalf of himself and all others similarly situated

**DEFENDANTS**
CACH, LLC

'10 AUG -4 PM 3:03

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Denver, Colorado
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Stephen Recordon, Recodron & Recordon, 225 Broadway, Ste 1900, San Diego, CA 92101, 619-232-1717

Attorneys (If Known)
'10 CV 1625 DMS JMA

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. Sec 1692
Brief description of cause: Violation of Fair Debt Collection Practices Act

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ In Excess of $1,000,000
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 08/03/2010
SIGNATURE OF ATTORNEY OF RECORD: Steph E. Recordon

**FOR OFFICE USE ONLY**

RECEIPT # 1611   AMOUNT $350   8/4/10 BH   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____



```
Court Name: USDC California Southern
Division: 3
Receipt Number: CAS016611
Cashier ID: bhartman
Transaction Date: 08/04/2010
Payer Name: NICOLAS AND BUTLER
--------------------------------
CIVIL FILING FEE
 For: MARTINEZ V CACH LLC
 Case/Party: D-CAS-3-10-CV-001625-001
 Amount:         $350.00
--------------------------------
CHECK
 Check/Money Order Num: 2599
 Amt Tendered:  $350.00
--------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00


There will be a fee of $45.00
charged for any returned check.
```