TIMOTHY P. JOHNSON (BAR NO. 66333)
LAW OFFICES OF TIMOTHY P. JOHNSON
1970 OLD TUSTIN AVENUE, SECOND FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 832-1170
FACSIMILE: (714) 832-1179
E-MAIL: tjohnson@johnson-chambers.com

Attorneys for Defendant CACH, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MARTINEZ, an individual, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CACH, LLC, and DOES 1 through 25<br><br>    Defendant. | Case No.  10 CV 01625 DMS MDD<br><br>**BRIEF IN REPLY TO PLAINTIFF OPPOSITION TO DEFENDANT CACH, LLC'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) and 12(b)(6)**<br><br>Date:  June 3, 2011<br>Time:   1:30 p.m.<br>Courtroom:     10<br><br> The Honorable Dana M. Sabraw |

Defendant CACH, LLC submits this brief in reply to Plaintiff's opposition to its motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

LAW OFFICES OF TIMOTHY P. JOHNSON

LAW OFFICES OF TIMOTHY P. JOHNSON

## I.  SUMMARY OF ISSUES

This case involves an allegation by Plaintiff that Defendant CACH, LLC sought an excessive interest rate in a state court lawsuit that it filed against him.  In addition to seeking a recovery on his own behalf, Plaintiff is also seeking to prosecute a class action claim on behalf of others who he claims are similarly situated as he is.

Defendant CACH, LLC responded to this lawsuit with a Rule 68 Offer providing for the maximum recovery to which Plaintiff as an individual is entitled by this lawsuit.  Plaintiff was not aware of the claimed interest rate violation until after CACH, LLC had reduced its interest rate claim to the legal rate prior to the judgment in the state court action being entered, therefore Plaintiff would at most be entitled to a statutory recovery plus attorneys' fees and costs.

However, the Rule 68 offer by CACH, LLC was not limited to Plaintiff's potential recovery—as occurred in the cases cited by Plaintiff in his Opposition Brief as will be discussed further below—but it also provided for a sum in excess of the maximum recovery by the putative class in this case.  Defendant CACH, LLC has a negative net worth at this time which means that damages based upon a class claim are limited to $0.

Plaintiff responded to this information regarding the net worth of CACH, LLC with a First Amended Complaint that adds Defendant SquareTwo Financial Commercial Funding Corporation as a defendant.   Basically, it appears that Plaintiff's approach is that either Defendant CACH, LLC has a positive net worth or that its negative net worth is attributed to the conduct of Defendant SquareTwo Financial Commercial Funding Corporation and that the assets of Defendant

-2-

REPLY BRIEF TO OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT                    Case No.  10 CV 01625 DMS JMA

LAW OFFICES OF TIMOTHY P. JOHNSON

1  SquareTwo Financial Commercial Funding Corporation should be included in the

2  calculation of the net worth of CACH, LLC.

3      This Motion to Dismiss addresses whether the First Amended Complaint is

4  moot as a result of the Rule 68 offer and whether the First Amended Complaint

5  properly states a claim based on any issues other than the core issues that Defendant

6  CACH, LLC violated state and federal debt collection laws in its prosecution of the

7  state court action against Plaintiff.  It becomes clear upon a review of the Motion to

8  Dismiss and Plaintiff's Opposition that the financial condition of CACH, LLC is the

9  driving force in this dispute.  If CACH, LLC truly has a negative net worth, the Rule

10  68 Offer clearly moots the further prosecution of this lawsuit since there is no

11  purpose to proceed through the costly and time-consuming class certification

12  process.  If on the other hand, there is valid evidence that the financial information

13  provided regarding the net worth of CACH, LLC is inaccurate and that CACH, LLC

14  has or should have a positive net worth, then the parties and the court will know the

15  potential value of the class claim and again whether this action is worth prosecuting.

16  At the present time, Plaintiff has offered no factual basis for his claim that Defendant

17  CACH, LLC has a positive net worth or that any parent company of Defendant

18  CACH, LLC has improperly removed its assets other than a suspicion that there must

19  be something wrong with the accounting provided to him by Defendant CACH,

20  LLC.

21      It appears in this case that the cart has been placed before the horse in the

22  approach that Plaintiff is taking.  It seems that the path that Plaintiff wants to take the

23  parties and the court down involves the usual procedures—get a pleading on file, an

24  answer from defendant, then seek class certification and eventually get around to the

25  factual issue that is driving this case—the financial condition of CACH, LLC.  The

-3-

REPLY BRIEF TO OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT                    Case No.  10 CV 01625 DMS JMA

1  more rational approach would seem to resolve the financial condition of CACH,

2  LLC first—if Plaintiff indeed believes that there is some evidence available to negate

3  the evidence submitted by CACH, LLC—then determine if this case has been

4  mooted by its Rule 68 Offer and if it is really necessary or appropriate to add

5  additional defendants before proceeding with any remaining viable class claims.  As

6  it stands now, Defendant CACH, LLC submits that the First Amended Complaint is

7  moot and the Court no longer has subject matter jurisdiction based on the factual

8  allegations in the First Amended Complaint and the Motion to Dismiss the First

9  Amended Complaint.  Furthermore, it is submitted that Plaintiff has not alleged facts

10  sufficient to justify the prosecution of his claims for the fraudulent transfer of assets

11  and alter ego.

13  ## II.  THE 12(b)(1) MOTION TO DISMISS IS WELL TAKEN.

15  ## A.  THE FIRST AMENDED COMPLAINT IS MOOT

17  Plaintiff has cited the Court to a number of cases that disapprove of the practice

18  of "picking off" the named plaintiff in a class action lawsuit with a Rule 68 Offer.

19  Without acknowledging the validity of that case law to the Ninth Circuit which has

20  not addressed the issue and noting that not all circuits are in accord on the issue, see,

21  for example, *Martin v. PPP, Inc.,* 719 F.Supp.2d 967, 973 (N.D. Ill. 2010);

22  *Frascogna v. Security Check, LLC,* 2009 U.S. Dist. LEXIS 4044*14 (S.D. Miss.

23  2009), the cases cited by Plaintiff are not applicable to the facts of this case.  Here,

24  the Rule 68 Offer addressed both the claims by Plaintiff and the putative class

25  claims.  The cases cited by Plaintiff only involved offers to the class representative

26  and not to the putative class as well.

-4-

REPLY BRIEF TO OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT                    Case No.  10 CV 01625 DMS JMA

LAW OFFICES OF TIMOTHY P. JOHNSON

LAW OFFICES OF TIMOTHY P. JOHNSON

Defendant CACH, LLC is not attempting to "pick off" the lead plaintiff in this case. Defendant CACH, LLC has made an offer to both Plaintiff and the putative class that exceeds the maximum recovery that can be obtained by the Plaintiff and the putative class in this case. In response to this issue, Plaintiff questions the validity of the information provided to it under oath without presenting any facts to the contrary other than to question the nature of the financing that has taken place to permit CACH, LLC to start up and conduct business.

As discussed above, Plaintiff needs to present facts—not speculation—to justify this Court's continued jurisdiction over this case. The only facts presented to this point demonstrate that Plaintiff has been presented with a Rule 68 offer that meets and exceeds the maximum recovery available to him and the putative class based on the financial condition of Defendant CACH, LLC.

**B.   THE ROOKER-FELDMAN DOCTRINE APPLIES TO THIS CASE.**

Plaintiff has cited a number of cases in an attempt to distinguish the *Rooker-Feldman* doctrine from the facts of this case. However, those cases involve for the most part improper collection activities such as abusive collection activities—*Blaxill v. Arrow Financial Services, LLC,* 2011 U.S. Dist. LEXIS 41010 (N.D. Cal. 2011)—improper garnishment activities—*Lange v. CIR Law Offices,* 2010 U.S. Dist. LEXIS 63419 (S.D. Cal. 2010)—the failure to send a validation letter—*Senfile v. Landau,* 390 F.Supp.2d 463 (D. Md. 2005)—and misrepresentation of the amount of the debt—*Jenkins v. General Collection Co.,* 438 F.Supp.2d 1165 (D. Neb. 2008).

Plaintiff asserts in response to this motion that he is not challenging the validity of the state court judgment, but rather that Defendant CACH, LLC violated the FDCPA and the RFDCPA by claiming an improper interest rate in the state court action.

-5-

LAW OFFICES OF TIMOTHY P. JOHNSON

To the extent that Plaintiff claims in this lawsuit that any judgment in a state court action is based on an invalid interest rate, that claim is "inextricably intertwined" with the state court judgment.   Such a dispute is clearly addressed and barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine is not limited to challenges of the merits of the state court decision as Plaintiff argues.   "*Rooker-Feldman* may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine 'prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment.   [Citation omitted.] A federal action constitutes such a *de facto* appeal where 'claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling…" *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008).

*Bryant v. Gordon & Wong Group, P.C.*, 681 F. Supp.2d 1205 (E.D. Cal. 2010) involved a lawsuit againt a collection law firm under the FDCPA in which it was claimed that the plaintiff had never been served with the state court action and did not become aware of that action until his accounts were garnished.   His federal lawsuit was rejected since by "disputing the garnishment of his accounts, Plaintiff is inherently challenging the entry of default against him and the writ of execution that authorized the garnishment." 681 F. Supp.2d at 1208.   The *Bryant* court continued in granting summary judgment for the defendant:   "The net effect is that Plaintiff is seeking to undermine the state court judgments.   These judgments were rendered before the current district court proceeding, and any action by this Court in favor of Plaintiff on his [FDCPA claims] would necessarily require review of those state court judgments.   The *Rooker-Feldman* doctrine specifically bars this Court from doing

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES OF TIMOTHY P. JOHNSON

so…This Court lacks jurisdiction to provide redress for Plaintiff's claims." 681 F. Supp.2d at 1208.  Plaintiff here asks this Court to question the validity of state court judgments to the extent that those judgments are purportedly based on an improper interest rate.

Again, Plaintiff attempts to distinguish the *Rooker-Feldman* doctrine from his claims by claiming that he is not challenging the validity of the judgment in the state court action, but rather he is challenging the false representations by Defendant CACH, LLC to the state court that the lawsuit sought a valid interest rate.  Plaintiffs in *Kelley v. Med-1 Solutions, LLC,* 548 F.3d 600 (7th Cir. 2008) tried the same approach.  The plaintiffs in *Kelley* argued that the *Rooker-Feldman* doctrine did not apply since they were only challenging "defendants' *representations* and *requests* related to attorney fees, and not the state court judgments granting those requests." (548 F.3d at 604)  The *Kelley* court held otherwise: "Because defendants needed to prevail in state court in order to capitalize on the alleged fraud, the FDCPA claims that plaintiffs bring ultimately require us to evaluate the state court judgments.  We could not determine that defendants' representations and requests related to attorney fees violated the law without determining that the state court erred by issuing judgments granting the attorney fees." (548 F.3d at 605)

In this case, Plaintiff claims that Defendant CACH, LLC violated state and federal debt collection laws by obtaining judgments based on an improper interest rate.  That argument requires this court to look past the state court judgment and effectively reverse the court ruling that resulted in the state court judgment.

## III.   THE 12(b)(6) MOTION TO DISMISS IS WELL-TAKEN

### A.   THE FRAUDULENT TRANSFER CLAIMS

Plaintiff argues that he does not have to allege specific facts supporting his

-7-

REPLY BRIEF TO OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT                                    Case No.  10 CV 01625 DMS JMA

claim of a fraudulent transfer of assets although he cites no authority to support that claim. However, the law is clearly to the contrary.

First, Defendant CACH, LLC cited the Court to *Patterson v. Missler,* (1965) 238 Cal.App.2d 759, not to claim that a fraudulent conveyance claim requires a transfer without fair consideration, but to demonstrate that a fraudulent conveyance claim requires a conveyance. Plaintiff has not demonstrated any facts supporting his allegation that there was any conveyance of assets from Defendant CACH, LLC to any other entity. At best, Plaintiff suggests that the accounting records of Defendant CACH, LLC are inaccurate to the extent that they purport to demonstrate that Defendant CACH, LLC has a negative net worth. Whether that claim is accurate is one issue; however, such a claim does not form the basis for a fraudulent transfer claim as is alleged here by Plaintiff.

Second, the types of charges being leveled by Plaintiff here against Defendant CACH, LLC and ultimately its parent corporation are serious in nature which is why the courts require specificity in such allegations involving alleged fraudulent conduct. *Stansfield v. Starkey,* (1990) 220 Cal. App. 3d 59, 73. If Plaintiff has facts demonstrating that Defendant CACH, LLC participated in fraudulent activity, he needs to allege those facts. If he only has suspicions of such conduct—which seems to be the case—he needs to conduct his discovery first and determine the existence of any facts that evidence his suspicions before prosecuting these types of claims.

## B. THE ALTER EGO CLAIMS

The same issues exist as to the alter ego allegations as well. Plaintiff has alleged that there is some overlap of interest between Defendant CACH, LLC and other related companies, however Plaintiff has not alleged any facts other than suspicions demonstrating that there has been any transfer of assets from Defendant

-8-

REPLY BRIEF TO OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT                Case No. 10 CV 01625 DMS JMA

LAW OFFICES OF TIMOTHY P. JOHNSON

CACH, LLC to any other entity that would justify the piercing of any corporate veils.

Furthermore, the relationship of Defendant CACH, LLC to its related entities as alleged in the First Amended Complaint does not support a claim of alter ego, but simply demonstrates a sharing of overhead and other expenses.   There is nothing other than Plaintiff's suspicions of an improper relationship to justify a claim of alter ego by Plaintiff.

## IV.   CONCLUSION

Plaintiff asserts that actual fraudulent conveyances and constructive fraudulent conveyances have occurred between CACH and SquareTwo Financial Commercial Funding Corporation without presenting the Court with any factual bases for those claims either in his First Amended Complaint or in any other pleadings or documents filed with this Court.  Similarly, Plaintiff asserts that he is entitled to rely on alter ego liability to pierce CACH's corporate veil again without presenting the Court with any factual bases for that claim in either his First Amended Complaint or in any other pleadings or documents filed with this Court.    Accordingly, this Motion should be granted without leave to amend.

Dated:  May 27, 2011

**LAW OFFICES OF TIMOTHY P. JOHNSON**

By:  /s/Timothy Johnson
    TIMOTHY P. JOHNSON

LAW OFFICES OF TIMOTHY P. JOHNSON

-9-

REPLY BRIEF TO OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT                    Case No.  10 CV 01625 DMS JMA

*Martinez v. CACH, LLC*
**USDC, Case No. 10 CV 01625 DMS JMA**

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

     I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action; my business address is 1970 Old Tustin Avenue, Second Floor, Santa Ana, California 92705.

     On May 27, 2011, I served a true copy of **REPLY TO OPPOSITION TO MOTION TO DISMISS** on all interested parties in this action by:

     [ ]    By personally delivering it to the person(s) indicated below in the manner as provided in FRCP 5(B);

     [ ]    By depositing it in the United States mail in a sealed envelope with the postage thereon fully prepaid to the following:

     [ ]    By overnight delivery using an envelope or package provided by the overnight service carrier and addressed to the following:

     [ X]    By ECF:  On this date, I electronically filed the document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to the following:

Stephen G. Recordon, Esq.        Clinton Rooney, Esq.
RECORDON & RECORDON        ROONEY & LICKEL
225 Broadway , Suite 1900        1102 Cesar E. Chavez Parkway
San Diego, CA  92101        San Diego, CA  92113

Mathew B. Butler, Esq.
NICHOLAS & BUTLER, LLP
225 Broadway, 19th Floor
San Diego, CA  92101

     I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

     **EXECUTED** on May 27, 2011, at Santa Ana, California.

          /s/Timothy Johnson
          TIMOTHY P. JOHNSON

-10-

REPLY BRIEF TO OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS
FIRST AMENDED COMPLAINT        Case No.  10 CV 01625 DMS JMA

LAW OFFICES OF TIMOTHY P. JOHNSON