Stephen G. Recordon (SBN 91401)
**RECORDON & RECORDON**
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
Email: sgrecordon@aol.com

Clinton Rooney (SBN 221628)
**ROONEY & LICKEL**
1102 Cesar E. Chavez Parkway
San Diego, CA 92113
Tel: (619) 573-9547
Email: rooneycdi@gmail.com

Matthew B. Butler (SBN 201781)
Tracy J. Jones (SBN 263632)
Andrew C. Myers (SBN 276683)
**NICHOLAS & BUTLER, LLP**
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: mbutler@nblaw.org
Email: tjones@nblaw.org
Email: amyers@nblaw.org

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MARTINEZ, an individual, on behalf of himself and all others similarly situated,<br><br>               Plaintiffs,<br><br>vs.<br><br>CACH, LLC,  and DOES 1 through 25<br><br>               Defendant. | CASE NO.:  10CV1625-DMS-MDD<br><br>**DECLARATION OF ANDREW C. MYERS IN SUPPORT OF *EX PARTE* APPLICATION FOR LEAVE TO FILE CONFIDENTIAL PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT UNDER SEAL.** |

/ / /

/ / /

/ / /

I, ANDREW C. MYERS, hereby declare as follows:

1.       I am an attorney licensed to practice law in California and before the United States District Court of the Southern District of California. I am an associate in the law firm of Nicholas & Butler, LLP, co-counsel for Plaintiff Jesus Martinez in this action.  I have personal knowledge of the matters stated herein, and if called and sworn as a witness, I could and would competently testify thereto.

2.       I spoke to counsel via telephone on Thursday, June 30, 2011, and informed him of Plaintiff's intention to file this *ex parte* application.  Counsel for CACH indicated that he would not be filing an opposition.  Furthermore, on Tuesday, July 5, 2011, I sent a copy of the Second Amended Complaint to counsel for CACH and he indicated that he would not be filing an opposition to this *ex parte* application.

3.       CACH filed a motion to dismiss Plaintiff's First Amended Complaint ("FAC") on April 25, 2011.  In its ruling dated June 27, 2011, the Court found that it had jurisdiction and that the FAC properly plead all claims except for Plaintiff's causes of action for actual and constructive fraudulent transfer.  However, the Court granted Plaintiff's request for leave to amend and ordered that Plaintiff file his SAC by July 8, 2011.  The Court indicated that the deficiency in Plaintiff's FAC was that Plaintiff failed to plead with specificity the fraudulent transfers made by CACH.

4.       Plaintiff can adequately plead specific fraudulent transfers made by CACH, but in order to do so, he must incorporate into the SAC financial documents and information of CACH that show the fraudulent transfers.

5.       The parties entered into a protective order September 30, 2010 which requires protected material designated by a party as "Confidential" be filed under seal pursuant to Local Rule 79.2(b) and 79.2(c).   A true and correct copy of this protective order is attached hereto as **Exhibit "A"**. The information in Plaintiffs proposed SAC at paragraphs 62, 63, 64, 65, 72, 73, 74, 75, and exhibit "C" is information designated as "Confidential" by CACH and constitutes the portions of the SAC that Plaintiff requests to file under seal.  A true and correct copy of the SAC, with the portions to be filed under seal indicated is attached hereto as **Exhibit "B"**

6.      Plaintiff filed this motion with the designation on the caption page of each document filed that the pleading should be filed under seal. These documents were filed electronically. In subsequent conversations with Your Honor's clerk, Plaintiff was advised to file this application but assured that the motion and its contents would be under seal pending an order issued pursuant to the instant *ex parte* application.

I declare that the foregoing is true and correct under the penalty of perjury under the laws of the United States of America. Signed on 8th of July 2011 at San Diego, California.

*/s/Andrew C. Myers*

DECLARATION OF ANDREW C. MYERS IN SUPPORT OF APPLICATION TO FILE SAC UNDER SEAL

EXHIBIT A

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MARTINEZ, on behalf of himself and all others similarly situated,<br>                                      Plaintiffs,<br><br>          v.<br><br>CACH, LLC,<br><br>                                      Defendant. | Case No.: 3:10-cv-01625-DMS (JMA)<br><br>**ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER [Doc. 9];**<br><br>**~~[PROPOSED]~~ PROTECTIVE ORDER** |

Subject to the approval of this Court, Plaintiff Jesus Martinez ("Martinez") and

Defendant, CACH, LLC. ("CACH"), by and through their respective attorneys of record, hereby

~~submit this joint motion and~~ stipulate and agree that that any documents produced or other

information disclosed by a party or third party to other parties during the course of discovery in

the above-captioned action, including during depositions, that is reasonably and in good faith

deemed to contain Protected Material (as defined in paragraph 2.9 below), shall be shown, used,

and disclosed only in accordance with the terms and conditions of this Stipulation and Protective

Order ("Protective Order").  This Protective Order is not intended to govern conduct at trial.  The

parties reserve all rights to seek appropriate protection of documents and information at trial.

/ / /

1.      PURPOSE OF THIS PROTECTIVE ORDER

This Protective Order shall apply to all information, materials, or things subject to discovery in this Action including, without limitation, documents, deposition testimony, exhibits to deposition transcripts, and discovery responses and disclosures provided pursuant to the Federal Rules of Civil Procedure or other applicable law.  This Protective Order is not intended to change, modify, or replace the parties' obligations under, or protections provided by, statute or any order entered by the Court sealing all or part of the record in this Action.

The Parties agree that this Protective Order is necessary and appropriate to safeguard their confidential and proprietary business information, trade secrets and intellectual property. Accordingly, the parties hereby stipulate to, and petition the Court to enter, the following Protective Order.

2.      DEFINITIONS

2.1     Action: *Jesus Martinez v.. CACH, LLC.*, United States District Court for the Southern District of California Case No. 3:10-cv-01625-DMS Case No. 3:10-cv-01625-DMS.

2.2     Party:  Any named party to this action, including all of its officers, directors, members, managers, employees, agents, consultants, retained experts (both testifying and non-testifying), and outside counsel (and their support staff).

2.3     Discovery Material:  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, testimony, transcripts, or tangible things) that are (1) produced or generated in disclosures or responses to discovery in this matter, (2) attached as exhibits to any court filing, or (3) introduced as exhibits in any pretrial proceedings.

2.4     Confidential Information:  Any information or tangible things that are designated as "CONFIDENTIAL" by any Party or by a third-party pursuant to the terms of this Protective Order.  The "CONFIDENTIAL" designation shall be used for any information that the Party or third-party reasonably and in good faith believes to constitute or include confidential or private information, including, but not limited to, financial data, business planning and strategy, trade secrets, and any other information protected from public disclosure under federal law.

-1-

2.5     Highly Confidential Information:  Any information or tangible things that are designated as "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" by either Party or by a third-party pursuant to the terms of this Protective Order.  The "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" designation shall be used for any information that the Party or third-party reasonably and in good faith believes to constitute or include information the disclosure of which would cause it substantial competitive injury and which falls within one of the following two categories:

(a)     a "trade secret," as defined under Uniform Trade Secrets Act § 1(4), which includes any "information, including a formula, pattern, compilation, program device, method, technique, or process, that (1) [d]erives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) [i]s the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

(b)     "confidential financial information" — including, but not limited to, proprietary sales, marketing, licensing, or operational financial data, revenue and expense data, financial statements, tax returns, profit margin information, etc. — that is not publicly filed with any federal or state authority or otherwise publicly available.

2.6     Receiving Party:  A Party that receives Discovery Material from a Producing Party.

2.7     Producing Party:  A Party or third party that produces Discovery Material in this Action, including but not limited to Martinez and CACH.

2.8     Designating Party:  A Party or third party that designates Discovery Material as Confidential Information or Highly Confidential Information.

2.9     Protected Material:  Any Discovery Material that is designated as Confidential Information or Highly Confidential Information.

2.10    Outside Counsel:  Attorneys in this matter (and their agents and employees) who are not employees of a Party but who are retained to represent or advise a Party.

-2-

3.    SCOPE

The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or their counsel in any context that might reveal Protected Material.

4.    DURATION

The Parties agree that the confidentiality obligations imposed by this Protective Order shall remain in effect until the Designating Party agrees otherwise in writing or a court order otherwise directs. The parties expressly acknowledge that such obligations will survive the termination or resolution of this Action.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Manner and Timing of Designations:  Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered by the Court, Protected Material under this Protective Order must be clearly designated before the material is disclosed or produced.

Designation in conformity with this Protective Order requires:

(a)    for information in documentary form (apart from transcripts of depositions or other pretrial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" conspicuously on each page that contains Protected Material.

(b)    for testimony given in deposition or in other pretrial proceedings, that the Party or third party offering or sponsoring the testimony may identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Only persons authorized under the terms of this Protective Order to receive the designated material shall be present during the portions of the deposition testimony so designated. After the completion of a deposition, or session of a deposition, any party may also, in good faith, within fifteen (15) calendar days of receipt of the final deposition transcript, designate any portion of the deposition under the terms of this

-3-

1    Protective Order if not so designated previously, by giving written notice to all counsel present at

2    the deposition and Outside Counsel of record.  During the period commencing with a deposition

3    session and ending sixteen (16) calendar days following receipt of the final deposition transcript,

4    the parties shall treat all information disclosed in the deposition as Highly Confidential

5    Information.

6                              (c)      In the case of documents produced on electronic media, such as

7    disks, CDs, DVDs, tapes, etc., designation shall be made by placing the appropriate legend on the

8    surface of the disk, CD, tape, or other media, and on each appropriate image contained within the

9    electronic media.

10                             (d)      In the case of non-documentary information produced on electronic

11   media, such as native-file data or other electronic information not in a format that is conducive to

12   individual labeling~~feasible~~, the designation shall be made by placing the appropriate legend on

13   the surface of the disk, CD, DVD, tape, or other media, and such designation shall apply to all

14   contents of the disk, CD, DVD, tape, or other media.  When information is printed out from such

15   media, the Receiving Party shall ensure that each page of all copies of the printed-out material

16   contains the appropriate legend.

17                  5.2      Inadvertent Failure to Designate:  If corrected within 30 days, an

18   inadvertent failure to designate qualified information or items as Protected Material does not,

19   standing alone, waive the Designating Party's right to secure protection under this Protective

20   Order for such material.  If material is appropriately designated as Confidential Information or

21   Highly Confidential Information after the material was initially produced, the Receiving Party, on

22   timely notification of the designation, must make reasonable efforts to assure that the material is

23   treated in accordance with the provisions of this Protective Order, except for documents that, not

24   as a result of a breach of this Protective Order, are in the public domain.

25          6.       CHALLENGING CONFIDENTIALITY DESIGNATIONS

26                  6.1      Challenges:  The Parties recognize that although each Producing Party is

27   under a duty to designate Discovery Material as Confidential or Highly Confidential only on the

28   reasonable and good faith belief that it falls within the categories described in paragraphs 2.4 or

-4-

1    2.5 above, there nevertheless may be disagreement between the Parties about the propriety of a

2    Confidential or Highly Confidential designation. In those circumstances, the Parties shall adhere

3    to the following procedures for challenging such designations.

4         6.2    Meet-and-Confer: During the pendency of this Action, any Party that has a

5    good faith basis to object to the designation of any Discovery Material as Confidential

6    Information or Highly Confidential Information (a "Challenging Party") must initiate the

7    challenge by conferring with counsel for the Designating Party. In so conferring, the Challenging

8    Party must explain the basis for its belief that the confidentiality designation was improper and

9    must give the Designating Party an opportunity to review the designated material, to reconsider

10   the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

11   designation. A Challenging Party may seek judicial intervention only if it has first engaged in

12   this meet-and-confer process.

13        6.3    Judicial Intervention: When a Designating party produces Discovery

14   Material bearing a confidentiality designation, after considering the justification offered by the

15   Designating Party, the Challenging Party may ~~file and serve a motion identifying the challenged~~

16   ~~material and setting forth in detail the basis for the challenge~~ seek resolution from the court by

17   following the procedures set forth in Judge Adler's Chambers Rules regarding discovery disputes.

18   ~~The motion must be accompanied by a declaration affirming that the movant has complied with~~

19   ~~the meet-and-confer requirements imposed by paragraph 6.2, above.~~ Until the Court rules on the

20   challenge, all parties shall continue to afford the challenged Discovery Material the level of

21   protection to which it is entitled under the Designating Party's designation. ~~Upon any such~~

22   ~~motion,~~ It shall be the burden of the Designating Party to establish the requisite "good cause"

23   supporting the designation in any Joint Motion for Determination of Discovery Dispute filed

24   pursuant to Judge Adler's Chambers Rules.

25        ~~When a Designating Party does not produce Discovery Material, claiming the~~

26   ~~Discovery Material is confidential, after considering the justification offered by the Challenging~~

27   ~~Party, the Designating Party may file a motion for a protective order preventing disclosure of the~~

28   ~~Discovery Material. The motion must be accompanied by a declaration affirming that the movant~~

-5-

1   ~~has complied with the meet-and-confer requirements imposed by paragraph 6.2, above.  Upon~~

2   ~~any such motion, it shall be the burden of the Designating Party to establish the requisite "good~~

3   ~~cause" supporting the proposed confidentiality designation.~~

4         7.     ACCESS TO AND USE OF PROTECTED MATERIAL

5         7.1     Basic Principles:  Protected Material under this Protective Order, the

6   information contained in those materials, and any summaries, copies, abstracts, or other

7   documents derived in whole or in part from such material, shall be used only for the purpose of

8   prosecution, defense, or settlement of this Action, and for no other purpose.

9         7.2     Disclosure of Confidential Information:  Unless otherwise ordered by the

10   Court or permitted in writing by the Designating Party, a Receiving Party may disclose

11   Confidential Information only to:

12         (a)     The Parties to this Action, including the officers, directors, and

13   employees of any Party to whom disclosure is reasonably necessary for this litigation;

14         (b)     The Receiving Party's Outside Counsel of record in this Action, as

15   well as employees or agents of Outside Counsel to whom it is reasonably necessary to disclose

16   the information for this litigation;

17         (c)     Court reporters, their staff, and employees of any professional

18   photocopy service or other litigation support service or third-party professional vendors used by

19   Outside Counsel in this Action;

20         (d)     The Court and its personnel;

21         (e)     Experts and consultants (both testifying and non-testifying) to

22   whom disclosure is reasonably necessary for this litigation, and who have signed the

23   "Acknowledgement and Agreement to Be Bound" (Exhibit A);

24         (f)     Witnesses in this action to whom disclosure is reasonably necessary

25   for this litigation, and who have signed the "Acknowledgement and Agreement to be Bound"

26   (Exhibit A); and

27

28

-6-

STIPULATED PROTECTIVE ORDER
CASE NO. 3:10-CV-01625-DMS (JMA)

1      (g)     Any person who was either an author or recipient of the

2   Confidential Information prior to its disclosure in this Action.  This fact must be apparent from

3   the face of the document containing the Confidential Information.

4      (h)     Any other person upon such terms and conditions as the parties and

5   Designating Party may agree or as the Court directs.

6      7.3     Disclosure of Highly Confidential Information:  Unless otherwise ordered

7   by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose

8   Highly Confidential Information only to:

9      (a)     The Receiving Party's Outside Counsel of record in this Action, as

10   well as employees of Outside Counsel to whom it is reasonably necessary to disclose the

11   information for this litigation;

12      (b)     Court reporters, their staff, and employees of any professional

13   photocopy service or other litigation support service or profession third-party vendors used by

14   Outside Counsel in this Action;

15      (c)     The Court and its personnel;

16      (d)     Experts and consultants (both testifying and non-testifying) to

17   whom disclosure is reasonably necessary for this litigation, and who have signed the

18   "Acknowledgement and Agreement to Be Bound" (Exhibit A);

19      (e)     Witnesses in this action to whom disclosure is reasonably necessary

20   for this litigation, and who have signed the "Acknowledgement and Agreement to be Bound"

21   (Exhibit A); and

22      (f)     Any person who was either an author or recipient of the Highly

23   Confidential Information prior to its disclosure in this Action.  This fact must be apparent from

24   the face of the document containing the Highly Confidential Information.

25      (g)     Any other person upon such terms and conditions as the

26   parties and Designating Party may agree or as the Court directs.

27      7.4     Notification of Disclosure:

28

-7-

STIPULATED PROTECTIVE ORDER
CASE NO. 3:10-CV-01625-DMS (JMA)

1        (a)     Any witness, expert, or other third-party pursuant to paragraphs 7.2(e)-(h)

2  or 7.3(d)-(g), to which any Party intends to disclose information designated Confidential or

3  Highly Confidential, must execute the "Acknowledgement and Agreement to Be Bound" (Exhibit

4  A). The Parties must notify any other Party and the Designating Party of their intention to

5  disclose Discovery Material designated Confidential or Highly Confidential at least fourteen (14)

6  calendar days prior to the disclosure. Such notification shall include, at a minimum: a copy of the

7  signed "Acknowledgement and Agreement to be Bound" including the identity of the third party

8  receiving the material and a brief job history of any expert or consultant recipient for the past

9  three years, including any relationship with competitors of any party or Producing Party. This

10  measure is necessary to ensure that the Designating Party has adequate notice in order to preserve

11  its rights under this Agreement and enforce the terms of this Protective Order on any third party

12  that breaches its terms.

13        (b)     If Confidential Information or Highly Confidential Information is

14  inadvertently disclosed to a witness, expert, or other third-party pursuant to paragraphs 7.2(e)-(h)

15  or 7.3(d)-(g), without a Party first fulfilling the requirements outlined in 7.4(a), the Receiving

16  Party shall notify the Designating Party in writing (by hand delivery or electronic transmission)

17  immediately and in no event more than three (3) days after disclosing the information. Such

18  notification shall include, at a minimum: (1) the identity of the third party receiving the material;

19  (2) a brief job history of any expert or consultant recipient for the past three years, including any

20  relationship with competitors of any party; and (3) a copy of the signed "Acknowledgement and

21  Agreement to be Bound" (Exhibit A). These measures are necessary to ensure that the

22  Designating Party has adequate notice in order to preserve its rights under this Agreement and

23  enforce the terms of this Protective Order on any third party that breaches its terms.

24

25      8.  <u>SUBPOENAS AND INFORMATION REQUESTS FOR PROTECTED MATERIAL</u>

26        If a Receiving Party in possession of protected Discovery Material is served with a

27  subpoena, request for production, court order, or other formal or informal request (collectively, an

28  "Information Request") that seeks disclosure of any Protected Material covered by this Protective

-8-

1  Order, the Receiving Party must so notify the Designating Party, in writing (by hand delivery or

2  electronic transmission) immediately and in no event more than five (5) business days after

3  receiving the Information Request.  Such notification must include a copy of notice of the

4  Information Request.  The Receiving Party also must immediately inform in writing the

5  individual, entity, agency, or other party who caused the Information Request to issue that some

6  or all the material covered by the Information Request is the subject of a Protective Order.

7       The purpose of imposing these duties is to alert the interested parties to the existence of

8  this Protective Order and to afford the Designating Party in this case an opportunity to try to

9  protect its confidentiality interests.  Nothing in these provisions should be construed as

10  authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive.

11       9.    SUBPOENAING THIRD PARTIES

12       Discovery Material produced by third parties may be designated by them under the terms

13  of this Protective Order and, when so designated, shall be treated by the parties under the terms of

14  this Protective Order.  At least one court day prior to lodging under the terms of Paragraph 12.3

15  any pleadings, motions, briefs, memoranda or related submissions containing Confidential

16  Information so designated by a third party, the Party seeking to file the Confidential Information

17  must notify the third party of its intention to do so and which Confidential Information it intends

18  to lodge.

19       10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

20       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

21  Material to any person or in any circumstance not authorized under this Protective Order, the

22  Receiving Party must immediately (a) provide written notice to the Designating Party of the

23  unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c)

24  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

25  Protective Order, and (d) request such person or persons to execute the "Acknowledgment and

26  Agreement to Be Bound" that is attached as Exhibit A.

27       Furthermore, the inadvertent production in the course of discovery in this action of any

28  document or information (whether designated as CONFIDENTIAL or HIGHLY

-9-

1  CONFIDENTIAL − ATTORNEYS EYES ONLY or not) shall not be deemed to waive whatever

2  attorney-client privilege, work product protection or other privilege that would otherwise attach to

3  the document or information produced or to other documents or information, as long as the

4  producing party or person, promptly after discovery, notifies the other party or parties of the

5  claim of privilege or other protection. Upon such notice, the other party or parties shall promptly

6  destroy all copies of the document or information referred to and notify the producing party or

7  person that it has done so. Such destruction and notice shall not constitute an acknowledgement

8  that the claimed document or information is in fact privileged or entitled to protection.

9      11.   JOINDER OF PARTIES

10      In the event that an additional party is joined or intervenes in this Action, such party shall

11  not have access to any Confidential Information or Highly Confidential Information until such

12  additional party has by its counsel filed with the Court its agreement to be fully bound by this

13  Protective Order by executing the attached "Acknowledgement and Agreement to Be Bound"

14  (Exhibit A). Thereafter, the terms of this Protective Order shall apply to any material produced

15  by such additional parties.

16      12.   FILING UNDER SEAL

17      12.1   The following provisions shall remain effective until and unless superseded

18  by an order of the Court sealing all or part of the record in this Action. If such an order is

19  entered, the following provisions shall remain in effect to the extent material is not covered by

20  such a sealing order.

21      12.2   Any material designated as Protected Material that is to be used or filed

22  with the Court or any Court-appointed referee in connection with discovery-related motions in

23  this Action, and any supporting papers containing Protected Material, ~~shall be filed with the Court~~

24  ~~or Court-appointed referee under seal without the need for a separate motion for permission to file~~

25  ~~under seal. Counsel must~~ shall be delivered ~~these materials~~ to the Clerk of the Court, in a sealed

26  envelope clearly marked as "CONFIDENTIAL — SEALED MATERIAL." An application to

27  file documents under seal shall accompany these materials.

28

-10-

(a)     Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

~~12.3    All other pleadings, motions, briefs, memoranda and related submissions containing Confidential Information shall be lodged conditionally under seal in the manner set forth in Rules 79.2 (b) and 79.2 (e) of the Local Rules for the United States District Court for the Southern District of California.  Such records shall be referred to as "Conditionally Sealed Records."  Conditionally Sealed Records shall remain so sealed pending the determination of a motion for an order permanently sealing the record, which motion shall be noticed as follows.  Within ten (10) days after the last written submission bearing upon the motion or other proceeding in question has been filed or lodged with the Court, any party requesting that a Conditionally Sealed Record remain permanently sealed shall serve and file a noticed motion for an order permanently sealing the record.~~

12.4    Subject to this paragraph, Protected Material may be offered in evidence at any court hearing, including at trial.  At least fourteen (14) calendar days prior to any court hearing in which Protected Material so designated by a third party may be offered, the Party seeking to offer the Protected Material must notify the third party of its intention to do so and which Protected Material it intends to offer.  The Producing Party may move the Court for an order that the evidence be received *in camera* or other conditions to prevent unnecessary disclosure.  Corresponding with the Parties exhibit list exchange prior to the beginning of trial, the Parties shall notify all Designating Parties of their intent to introduce into evidence any of that Designating Party's Protected Material.  This notification is necessary to ensure that the Designating Party has adequate notice in order to participate in *in limine* or other motion work to preserve its rights under this Agreement. The Court will then determine whether the proffered evidence should continue to be treated as Protected Material and, if so, what protection, if any, should be afforded to such information.

-11-

13.   <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) days after the final termination of this Action (including the running of all time for appeals and/or the conclusion of any appeals), each Receiving Party and any third-parties entrusted with Protected Material under 7.2 and 7.3, must return all Protected Material to the Producing Party or certify that such material has been destroyed. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material, which are not work product. With notice in writing to the Producing Party, the Receiving Party and any third-parties entrusted with Protected Material under 7.2 and 7.3 may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party and any third-parties entrusted with Protected Material under 7.2 and 7.3 have not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

14.   <u>MISCELLANEOUS</u>

14.1   Right to Further Relief: Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future; however, the undersigned Parties agree to meet-and-confer in good faith regarding any such modification prior to petitioning the Court for intervention.

14.2   Right to Assert Other Objections: By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or

-12-

1   producing any information or item on any ground not addressed in this Protective Order.

2   Similarly, no Party waives any right to object on any ground to the admissibility of any of the

3   material covered by this Protective Order.

4      14.3 Injunctive Relief:  If any person or Party violates or threatens to violate the

5   terms of this Protective Order, the aggrieved Designating Party may immediately apply to obtain

6   injunctive relief against any such person or Party.

7      14.4 Jurisdiction Over Disputes:  After the termination or resolution of this Action,

8   the Court shall retain jurisdiction for the purpose of resolving any disputes concerning and/or

9   enforcing this Protective Order.

10      14.5 No Bar to Other Agreements:  Entering into, agreeing to and/or producing

11   or receiving Designated Material or otherwise complying with the terms of this Protective Order

12   shall not prevent the parties from agreeing to alter or waive the provisions or protections with

13   respect to any particular Protected Material.

14      14.6 Authority to Enter Agreement:  ~~Undersigned~~ Counsel signing the Joint

15   Motion for entry of this Stipulated Protective Order represent that they have the authority to

16   ~~execute this~~ enter into the Stipulated Protective Order on behalf of their clients in this Action.

17

18   **IT IS SO ORDERED.**

19

20   DATED:  October 14, 2010   By: _____

21                Jan M. Adler
             U.S. Magistrate Judge

22

23

24

25

26

27

28

-13-

STIPULATED PROTECTIVE ORDER
CASE NO. 3:10-CV-01625-DMS (JMA)

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3    I, _____ [print or type full name], declare as follows:

4    1.    My address is _____.

5    2.    My present employer is _____.

6    3.    My present occupation or job description is_____

7    _____.

8    4.    I hereby acknowledge that I may receive information designated as

9 CONFIDENTIAL and/or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY in the

10 case of *Jesus Martinez v.. CACH, LLC.*, United States District Court for the Southern District of

11 California Case No. 3:10-cv-01625-DMS, and I certify my understanding that such information is

12 provided to me pursuant to the terms and conditions of the Protective Order entered by the Court

13 in this lawsuit ("Protective Order").

14    5.    I further acknowledge that I have been given a copy, read in its entirety, and fully

15 understand the Protective Order. I agree to comply with and to be bound by all the terms of this

16 Protective Order and I understand and acknowledge that failure to so comply could expose me to

17 sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in

18 any manner any information or item that is subject to this Protective Order to any person or entity

19 except in strict compliance with the provisions of this Protective Order.

20    6.    To assure my compliance with the Protective Order, I further agree to submit to

21 the jurisdiction of the San Diego Superior Court for the limited purpose of enforcing the terms of

22 this Protective Order, even if such enforcement proceedings occur after termination of this

23 Action.

24    7.    I understand that I am to retain all of the materials that I receive that have been

25 designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY

26 in a container, cabinet, drawer, room, or other safe place in a manner consistent with this

27 Protective Order; that I am to make no copies or other reproductions of any such materials; that

28 all such materials are to remain in my custody until I have completed my assigned duties,

1    whereupon they are to be returned to the party who provided them to me; and that any materials,

2    memoranda, work notes, or other documents derived from documents designated as

3    CONFIDENTIAL or HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY, or

4    containing any information contained therein, are to be delivered to the party that provided me

5    with the designated materials.  Such delivery shall not relieve me from any of the continuing

6    obligations imposed upon me by the Protective Order.  I further agree to notify any stenographic

7    or clerical personnel who are required to assist me of the terms of this Protective Order.

8         I declare under penalty of perjury that the foregoing is true and correct.

9

10   Executed on _____ at _____.

11              [date]                                [city and state where executed]

12

13                                              _____

14                                              Signature

15

16

17

18   62458641 v1

19

20

21

22

23

24

25

26

27

28                                     -2-

STIPULATED PROTECTIVE ORDER
CASE NO. 3:10-CV-01625-DMS (JMA)

## EXHIBIT B

Exhibit B has been delivered to Judge Sabraw's chambers and will not be filed electronically.