Stephen G. Recordon (SBN 91401)
**RECORDON & RECORDON**
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
Email: sgrecordon@aol.com

Clinton Rooney (SBN 221628)
**ROONEY & LICKEL**
1102 Cesar E Chavez Parkway
San Diego, CA 92113
Tel: (619) 573-9547
Email: rooneycdi@gmail.com

Matthew B. Butler (SBN 201781)
Tracy J. Jones (SBN 263632)
Andrew C. Myers (SBN 276683)
**NICHOLAS & BUTLER, LLP**
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: mbutler@nblaw.org
Email: tjones@nblaw.org
Email: amyers@nblaw.org

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MARTINEZ, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CACH, LLC, a Colorado Limited Liability Company; SQUARETWO FINANCIAL COMMERCIAL FUNDING CORPORATION, a Delaware Corporation, and DOES 2 through 25,<br><br>Defendant. | CASE NO.: 3:10-cv-01625-DMS-MDD<br><br>**SECOND AMENDED COMPLAINT FOR**<br><br>**(1) VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT;**<br><br>**(2) THE ROSENTHAL ACT;**<br><br>**(3) FRAUDULENT TRANSFER, AND**<br><br>**(4) ALTER EGO**<br><br>**DEMAND FOR JURY TRIAL** |

/ / /

/ / /

/ / /

**I.**

**INTRODUCTION**

1.      Plaintiff Jesus Martinez, through his counsel, brings this action to challenge the acts of CACH, LLC (hereinafter "CACH") regarding attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

2.      Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4.      Defendant's violations were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

**II.**

**JURISDICTION AND VENUE**

5.      Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

6.      This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

7.      As CACH does business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over CACH for purposes of this action.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 in that many of the acts and transactions giving rise to this action as alleged in this complaint occurred in this district.

**III.**

**PARTIES**

9.      Plaintiff is a natural person, an adult, and resides in San Diego County, California.

10.     Plaintiff is informed and believes and thereon alleges that Defendant CACH, LLC ("CACH") is a Colorado limited liability company, or LLC, doing business in the state of California and, in particular, San Diego County.

11.     Plaintiff is informed and believes and thereon alleges that Defendant SQUARETWO Financial Commercial Funding Corporation ("SQUARETWO"), formerly sued as DOE 1, is a Delaware Corporation doing business in the state of California and, in particular, San Diego County.

12.     Plaintiff is informed and believes and thereon alleges that SQUARETWO and CACH are subsidiaries, parent companies, or related entities involved in the fraudulent transfer of CACH's assets in order to avoid liability in this action as detailed below.  Plaintiff is informed and believes that SQUARETWO and CACH possess such a unity of interest that that it would be unjust to prevent Plaintiff's recovery against SQUARETWO for CACH's unlawful actions detailed herein.

13.     Defendants are persons who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

14.     Defendants, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

15.     Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16.     Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

17.     This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this

action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### IV.

### GENERAL ALLEGATIONS

18.     Sometime before December 21, 2009, Plaintiff is alleged to have incurred certain financial obligations to Bank of America, NA.

19.     These financial obligations were primarily for personal, family or household purposes and were therefore a "debt" as that term is defined at 15 U.S.C. §1692a(5).

20.     These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21.     Subsequently, but before December 21, 2009, the alleged debt was allegedly assigned, placed, or otherwise transferred, to Defendant CACH for collection.

22.     On December 8, 2009, CACH filed a Complaint in the Superior Court of California for the County of San Diego against Mr. Martinez claiming a debt, based on the above alleged debt to Citibank (South Dakota) NA, based on theories of Breach of Contract, Open Book Account and Account Stated.

23.     The case number of the above December 21, 2009 Complaint was 37-2009-00062931-CL-CL-NC.  A copy of this December 8, 2009 Complaint is attached hereto as **Exhibit "A"**.

24.     In the above December 21, 2009 Complaint, CACH claimed a right to 24.50 percent fixed interest on the debt alleged.

25.     However, CACH did not have the right to charge 24.5 percent fixed interest on the debt alleged, or any fixed rate of interest at greater than California's legal rate of 10 percent.

26.     CACH did not hold rights under any contract with Mr. Martinez giving CACH, Bank of America, or any other party, the right to charge 24.5 percent fixed interest, or any other fixed rate of interest.

27.   On March 22, 2010, CACH filed a "Declaration in Support of Entry of Judgment by Default by Court" in the above action, in which CACH's authorized agent Kara Egizi declared that a Bank of America form contract attached to Ms. Egizi's declaration as Exhibit A was the contract governing the account at issue.

28.   This Bank of America form contract provided for a variable interest rate, not a fixed rate of 24.5 percent.

29.   A copy of Ms. Egizi's Declaration and the Bank of America form contract are attached hereto as **Exhibit "B"**.

30.   For the purpose of avoiding liability for CACH's unlawful conduct CACH fraudulently transferred assets to their parent corporation, SQUARETWO.  Examples of these transfers are evidenced in **Exhibit "C"** attached hereto.

**V.**

**CLASS ACTION ALLEGATIONS**

31.   Plaintiff brings this action on behalf of himself and the members of the following class ( "Class One") defined as (i) all persons that are "consumers" as that term is defined by 15 U.S.C. § 1692a(3); (ii) that were sued by Defendant CACH (iii) in any California Superior Court; (iv) within one year prior to the filing of this action; (v) for variable-rate financial obligations allegedly owed at one time to any creditor that subsequently assigned, placed, or otherwise transferred to Defendant CACH for collection; (vi) where said obligations were primarily for personal, family or household purposes; and (vii) where Defendant CACH claimed a right to a fixed rate of interest greater than California's legal rate of ten percent.

32.   Plaintiff brings this action on behalf of himself and the members of the following class ( "Class Two") defined as (i) all persons that are "consumers" as that term is defined by California Civil Code § 1788.2(b); (ii) that were sued by Defendant CACH (iii) in any California Superior Court; (iv) within one year prior to the filing of this action; (v) for variable-rate financial obligations allegedly owed at one time to any creditor that subsequently assigned, placed, or otherwise transferred to Defendant CACH for collection; (vi) where said obligations were

primarily for personal, family or household purposes; and (vii) where Defendant CACH claimed a right to a fixed rate of interest greater than California's legal rate of ten percent.

33.     For purposes of the First Claim for Relief, the FDCPA Claim, the class period is one year prior to the filing of the Original Complaint.

34.     For purposes of the Second Claim for Relief, the Rosenthal Act Claim, the class period is one year prior to the filing of the Original Complaint.

35.     Defendants' conduct has imposed a common injury on the members of Class One and Class Two.

36.     Defendants have acted, and refused to act, on ground generally applicable to Class One and Class Two, which makes final injunctive relief with respect to each claim as a whole appropriate.

37.     The representative Plaintiff faithfully represents, and is a member of, Class One and Class Two.

38.     Class One is composed of hundreds or thousands of persons, the joinder of which would be impractical.

39.     Class Two is composed of hundreds or thousands of persons, the joinder of which would be impractical.

40.     The individual identities of the individual members are ascertainable through Defendant's records or by public notice.

41.     There is a well-defined community of interest in the questions of law and fact involved affecting the members of Class One.

42.     There is a well-defined community of interest in the questions of law and fact involved affecting the members of Class Two.

43.     The questions of law and fact common to Class One and Class Two predominate over questions affecting only individual class members, and include, but are not limited to, the following:

(a)     Whether Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.;

(b)     Whether Defendants violated California's Rosenthal Act, Cal. Civ. Code §§ 1788 et seq.;

(c)     Whether Class One is entitled to the remedies available to Plaintiff under the FDCPA;

(d)     Whether Class Two is entitled to the remedies available to Plaintiff in California's Rosenthal Act;

(e)     Whether Class One is entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

(f)     Whether Class Two is entitled to an award of reasonable attorneys' fees and costs of suit pursuant to California's Rosenthal Act;

(g)     Whether Class One is entitled to any other remedies; and

(h)     Whether Class Two is entitled to any other remedies.

(i)     Whether it was appropriate to claim an interest rate beyond the legal rate in actions made by Defendant against members of Class One and Class Two to collect outstanding debts.

44.     Plaintiff will fairly and adequately protect the interests of both classes.

45.     Plaintiff retained counsel experienced in handling class claims and claims involving unlawful collection practices.

46.     Plaintiff's claims are typical of the claims of both classes, which all arise from the same operative facts involving unlawful collection practices.

47.     A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with Federal and State Law.  The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action are $1,000.00 and an additional $1,000.00 under California's Rosenthal Act. Management of these claims are likely to present significantly fewer difficulties than those presented in many class claims, such as claims for securities fraud.

48.    Defendant has acted on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole.

49.    Plaintiff requests certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

50.    Unless a class is certified, Defendants will retain monies received as a result of its conduct taken against the members of each class and the Plaintiff. Unless a class-wide injunction for each class is issued, Defendants will continue to commit the violations alleged, and members of each class will continue to be harmed.

**VI.**

**<u>FIRST CAUSE OF ACTION</u>**

**(Class Claim for violations of the FDCPA by CACH Against Defendants CACH and SQUARETWO)**

51.    Plaintiff and the member of Class One repeat, re-allege, and incorporate by reference all the allegations contained in the paragraphs above.

52.    Based on information and belief, Defendant CACH violated the FDCPA. Defendant's violations include, but are not limited to the following:

a.    *15 U.S.C. §1692e* by making a false, misleading or deceptive misrepresentation in connection with the collection of a debt

b.    *15 U.S.C. §1692f(1)* by collecting an amount not authorized by agreement or statute by claiming a right to collect a fixed rate of interest over ten percent, when CACH is not authorized to do so under any agreement or statute; and

c.    *15 U.S.C. §1692f* by using an unfair or unconscionable means to collect or attempt to collect a claimed debt.

53.    As a proximate result of each and every violation of the FDCPA committed by Defendant CACH during the Class Period, Plaintiff and the members of Class One are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant CACH.

**VII.**

**SECOND CAUSE OF ACTION**

**(Class Claim for violations of the Rosenthal Act by CACH Against Defendants CACH and SQUARETWO)**

54.     Plaintiff and the member of Class Two repeat, re-allege, and incorporate by reference all the allegations contained in the paragraphs above.

55.     Based on information and belief, Defendant CACH's acts and omissions violated *California Civil Code § 1788 et seq*, including, but not limited to the following sections: *California Civil Code § 1788.17.*

56.     Based on information and belief, Defendant's violations of *California Civil Code § 1788.17*, which incorporates several of the provisions of the FDCPA, include:

      a.     *15 U.S.C. §1692e* by making a false, misleading or deceptive misrepresentation in connection with the collection of a debt;

      b.     *15 U.S.C. §1692f(1)* by collecting an amount not authorized by agreement or statute by claiming a right to collect a fixed rate of interest over ten percent, when CACH is not authorized to do so under any agreement or statute; and

      c.     *15 U.S.C. §1692f* by using an unfair or unconscionable means to collect or attempt to collect a claimed debt.

57.     Defendant's violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to *Civil Code § 1788.30(b).*

58.     As a proximate result of each and every violation of the Rosenthal Act committed by Defendant CACH during the Class Period, Plaintiff and the members of Class Two are entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages in an amount up to $1,000.00 each pursuant to California Civil Code § 1788.30(b); and, reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant CACH.

**VIII.**

**THIRD CAUSE OF ACTION**

**(Class Claim for Actual Fraudulent Transfer [Cal. Civ. Code § 3439] in Violation of California Law Against Defendants CACH and SQUARETWO)**

59.    Plaintiff and the members of Class One and Class Two repeat, re-allege, and incorporate by reference all the allegations contained in the paragraphs above.

60.    Defendant SQUARETWO caused Defendant CACH to transfer assets from CACH to SQUARETWO while holding all liabilities related to such assets in order to avoid CACH from demonstrating a "net worth" for the purposes avoiding liability for violations of the FDCPA or Rosenthal Act or both as alleged by Plaintiff in this class action lawsuit or any other litigant with similar claims as Plaintiff, or both. Plaintiff, on behalf of himself and the members of the proposed classes have a right to payment of damages and other relief sought in this action for the illegal acts of Defendants.

61.    CACH transferred, and continues to transfer, all assets to its parent SQUARETWO. SQUARETWO assigns liabilities of SQUARETWO to CACH so that CACH's net worth is zero or less.  CACH does this to avoid liabilities, including but not limited to liability under consumer protection statutes such as the FDCPA and the Rosenthal Act.

1

# PARAGRAPHS 62-65 FILED UNDER SEAL

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

66.     Each of the above transfers is evidenced by exhibit "C" attached hereto. Transfers such as these were done by Defendants with the intent to hinder, delay or defraud Plaintiff and the members of the proposed classes in this action, and other creditors, of its obligations owed to them. Defendants attempted to conceal or remove assets from CACH's ledgers so that it could be "judgment proof" or otherwise not liable for damages and other relief in an action such as the instant action by Plaintiff.

67.     As a result, Plaintiff and the members of Class One and Class Two were harmed by Defendants actions, Plaintiff, on behalf of himself and the members of Class One and Class Two seeks an avoidance of or an order setting aside such fraudulent transfers in an amount to be proven at trial, attachment or other provisional remedies, execution and for the court to enjoin the Defendants from further transfers, and all other remedies available under the law.

68.     In addition to the compensatory damages described above, Plaintiff, on behalf of himself and the members of Class One and Class Two also seeks exemplary and punitive damages, as Defendants' conduct was outrageous and despicable, warranting such an award in an amount to be proven at time of trial.  Defendants were guilty of malice, fraud and/or oppression.

## IX.

## FOURTH CAUSE OF ACTION

**(Class Claim for Constructive Fraudulent Transfer [Cal. Civ. Code § 3439] in Violation of California Law Against Defendants CACH and SQUARETWO)**

69.      Plaintiff and the members of Class One and Class Two repeat, re-allege, and incorporate by reference all the allegations contained in the paragraphs above.

70.     Defendant SQUARETWO caused Defendant CACH to transfer assets from CACH to SQUARETWO while holding all liabilities related to such assets in order to avoid CACH from demonstrating a "net worth" for the purposes avoiding liability for violations of the FDCPA or Rosenthal Act or both as alleged by Plaintiff in this class action lawsuit or any other litigant with similar claims as Plaintiff, or both. Plaintiff, on behalf of himself and the members of the proposed classes have a right to payment of damages and other relief sought in this action for the illegal acts of Defendants.

71.    CACH transferred, and continues to transfer, all assets to its parent SQUARETWO. SQUARETWO assigns liabilities of SQUARETWO to CACH so that CACH's net worth is zero or less.  CACH does this to avoid liabilities, including but not limited to liability under consumer protection statutes such as the FDCPA and the Rosenthal Act.

# PARAGRAPHS 72-75 FILED UNDER SEAL

15

76.     Each of the above transfers is evidenced by exhibit "C" attached hereto.  Transfers such as these were done by Defendants with the intent to hinder, delay or defraud Plaintiff and the members of the proposed classes in this action, and other creditors, of its obligations owed to them. Defendants attempted to conceal or remove assets from CACH's ledgers so that it could be "judgment proof" or otherwise not liable for damages and other relief in an action such as the instant action by Plaintiff.  Furthermore, CACH does not receive reasonably equivalent value of assets transferred to parent SQUARETWO for the liabilities CACH has incurred in exchange for such transfer of assets.

77.     As a result, Plaintiff and the members of Class One and Class Two were harmed by Defendants actions, Plaintiff, on behalf of himself and the members of Class One and Class Two seeks an avoidance of or an order setting aside such fraudulent transfers in an amount to be proven at trial, attachment or other provisional remedies, execution and for the court to enjoin the Defendants from further transfers, and all other remedies available under the law.

## X.

### FIFTH CLAIM

**(Alter Ego Single-Enterprise Doctrine Against Defendants CACH and SQUARETWO)**

78.     All factual allegations set forth above are incorporated herein by reference.  Based on information and belief, Defendant CACH and SQUARETWO in a similar or functionally reciprocal business of debt collection as defined by the Federal Debt Collection Practices Act. The nature of this relationship results in CACH being nothing more than an instrument and/or conduit of SQUARETWO in the pursuit of the single business venture and/or enterprise of debt collection.

79.     Based on information and belief, CACH and SQUARETWO share common directors, officers, and employees; and jointly benefit from transactions entered into by one.

80.     Based on information and belief, SQUARETWO posses dominate control over defendant CACH's finances, policies, and business practices so that SQUARETWO and CACH may avoid liability and perpetrate a fraud.

81.     Defendants established this corporate relationship to perpetrate a fraud, to avoid liability, and to avoid the effect of the Federal Debt Collection Practices Act.

82.     As a direct and proximate result of Defendant's corporate structure CACH avoids all liability under the FDCPA.  CACH merely transfers whatever amount is necessary to its parent company in order to meet the objective of zeroing out liability for any Rosenthal Act or FDCPA liability.   Disregarding the separate nature of the corporations is necessary to prevent the substantial injustice of CACH continuing a business practice which affectively results in immunity from the FDCPA.

## XI.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff and the members of Class One and Class Two pray that judgment be entered against Defendant CACH and SQUARETWO, and pray for the following relief:

1.     An award of actual damages pursuant to 15 U.S.C. § 1692k (a)(1) against Defendants CACH and SQUARE TWO and for the Plaintiff and the members of Class One;

2.     An award of statutory damages of $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendants CACH and SQUARETWO and for the Plaintiff and the members of Class One;

3.     An award of actual damages pursuant to California Civil Code § 1788.30(a) against Defendant CACH and SQUARETWO and for Plaintiff and the members of Class Two;

4.     An award of statutory damages of $1,000.00 each pursuant to California Civil Code § 1788.30(b) against Defendants CACH and SQUARETWO and for Plaintiff and the members of Class Two;

5.     An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) and California Civil Code § 1788.30(c) against Defendant CACH and SQUARETWO;

6.     A determination that Defendant SQUARETWO is the alter ego of Defendant CACH such that SQUARETWO may be held liable for the judgment rendered;

7.      Relief as the Court deems just and proper to remedy the fraudulent transfer of assets from CACH to SQUARETWO; and

8.      Such other and further relief this court may deem just and proper.

## XII.

## JURY DEMAND

1.      Plaintiff demands a trial by jury.

Respectfully submitted,

**NICHOLAS & BUTLER, LLP**

DATED: July 12, 2011                    By:    *s/Matthew B. Butler*_____

Matthew B. Butler
Tracy J. Jones
Andrew C. Myers

Stephen G. Recordon
**RECORDON & RECORDON**
225 Broadway, Suite 1900
San Diego, CA  92101
Email: sgrecordon@aol.com

Clinton Rooney
**ROONEY & LICKEL**
1102 Cesar E Chavez Parkway
San Diego, CA 92113
Email: rooneycdi@gmail.com

EXHIBIT A

# SUMMONS
## *(CITACION JUDICIAL)*

**SUM-100**

**NOTICE TO DEFENDANT:** JESUS MARTINEZ AND DOES 1 TO 10
*(AVISO AL DEMANDADO):* ONLY

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

F I L E D
Clerk of the Superior Court

**DEC 2 1 2009**

By:_____Deputy
No. County Division

**YOU ARE BEING SUED BY PLAINTIFF:** CACH, LLC
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *nombre y dirección de la corte es):* | *(Número del Caso):* |
| San Diego County Superior Court 325 So Melrose Dr Vista, CA 92081 North Conuty Division | 37-2009-00062931-CL-CL-NC |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Alan M. Laskin    SB#148858                     877-422-4284    800-547-4232
Jason A. Ewing     SB#232398
Law Offices of Alan M. Laskin
9381 East Stockton Blvd #116, Elk Grove, CA 95624

| DATE: | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* **DEC 2 1 2009** | *(Secretario)* A. Wagoner | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served


[SEAL]

1. x    as an individual defendant.
2. ___   as the person sued under the fictitious name of *(specify):*

3. ___   on behalf of *(specify):*

   under: ___ CCP 416.10 (corporation)          ___ CCP 416.60 (minor)
          ___ CCP 416.20 (defunct corporation)   ___ CCP 416.70 (conservatee)
          ___ CCP 416.40 (association or partnership) ___ CCP 416.90 (authorized person)
          ___ other *(specify):*
4. ___   by personal delivery on *(date):*                                    **Page 1 of 1**

| Form Adopted for Mandatory Use Judicial Council of California | **SUMMONS** |  Legal Solutions Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

**CM-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*
Alan M. Laskin    SB#148858
Jason A. Ewing    SB#232398
Law Offices of Alan M. Laskin
9381 East Stockton Blvd #116
Elk Grove, CA 95624
TELEPHONE NO: 877-422-4284    FAX NO: 800-547-4232
ATTORNEY FOR *(Name):* Plaintiff - CACH, LLC

FILED
FOR COURT USE ONLY
RTH COUNTY DIV
9 DEC -8 PM 3
(21)
CLERK-SUPERIOR
SAN DIEGO COUN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 So Melrose Dr
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: Civil Limited-North County Division

CASE NAME: CACH, LLC vs. MARTINEZ

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 37-2009-00062931-CL-CL-NC |
|---|---|---|
| ☐ Unlimited   ☒ Limited (Amount demanded exceeds $25,000)   (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☒ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
   issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify):* 2
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: 11/24/09

Alan M. Laskin    SB#148858
_____          _____
(TYPE OR PRINT NAME)                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Legal Solutions Plus

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

PLD-C-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Alan M. Laskin   SB#148858<br>Jason A. Ewing   SB#232398<br>Law Offices of Alan M. Laskin<br>9381 East Stockton Blvd #116<br>Elk Grove, CA 95624<br>TELEPHONE NO: 877-422-4284   FAX NO. *(Optional):* 800-547-4232<br>E-MAIL ADDRESS *(Optional):* alaskin@laskinlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff - CACH, LLC | FIL<br>NORTH C<br>09 DEC<br>CLERK-<br>SAN DI |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 So Melrose Dr
MAILING ADDRESS: same as above
CITY AND ZIP CODE: Vista, CA 92081
BRANCH NAME: Civil Limited-North County Division

PLAINTIFF: CACH, LLC

DEFENDANT: JESUS MARTINEZ

[X] DOES 1 TO   10 ONLY

**CONTRACT**
[X] COMPLAINT        [ ] AMENDED COMPLAINT *(Number):*
[ ] CROSS-COMPLAINT  [ ] AMENDED CROSS-COMPLAINT *(Number):*

Jurisdiction *(check all that apply):*
[X] ACTION IS A LIMITED CIVIL CASE
    Amount demanded [X] does not exceed $10,000
                    [X] exceeds $10,000, but does not exceed $25,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint
    [ ] from limited to unlimited
    [ ] from unlimited to limited

CASE NUMBER:
37-2009-00062931-CL-CL-NC

1. Plaintiff* *(name or names):* CACH, LLC

   alleges causes of action against defendant* *(name or names):* JESUS MARTINEZ

2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. a. Each plaintiff named above is a competent adult
   [X] except plaintiff *(name):* CACH, LLC
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [X] other *(specify):* A COLORADO LIMITED LIABILITY COMPANY

   b. [ ] Plaintiff *(name):*
      a. [ ] has complied with the fictitious business name laws and is doing business under the fictitious name *(specify):*

      b. [ ] has complied with all licensing requirements as a licensed *(specify):*

   c. [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3c.
4. a. Each defendant named above is a natural person
      [ ] except defendant *(name):*                      [ ] except defendant *(name):*
      (1) [ ] a business organization, form unknown       (1) [ ] a business organization, form unknown
      (2) [ ] a corporation                               (2) [ ] a corporation
      (3) [ ] an unincorporated entity *(describe):*       (3) [ ] an unincorporated entity *(describe):*

      (4) [ ] a public entity *(describe):*                (4) [ ] a public entity *(describe):*

      (5) [ ] other *(specify):*                           (5) [ ] other *(specify):*

\* If this form is used as a cross-complaint, plaintiff means cross-complainant and defendant means cross-defendant.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001 [Rev. January 1, 2007]
**COMPLAINT—Contract**
Legal
Solutions
Plus
Code of Civil Procedure, § 425.12

| SHORT TITLE: CACH, LLC vs. MARTINEZ | | PLD-C-001 |
|---|---|---|
| | CASE NUMBER: | |

4. *(Continued)*
    b.  The true names of defendants sued as Does are unknown to plaintiff.
        (1) [X] Doe defendants *(specify Doe numbers):* <u>1 to 10</u>       were the agents or employees of the named
            defendants and acted within the scope of that agency or employment.
        (2) [X] Doe defendants *(specify Doe numbers):* <u>1 to 10</u>       are persons whose capacities are unknown to
            plaintiff.
    c.  [ ]  Information about additional defendants who are not natural persons is contained in Attachment 4c.
    d.  [ ]  Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

5. [ ]  Plaintiff is required to comply with a claims statute, and
    a.  [ ]  has complied with applicable claims statutes, *or*
    b.  [ ]  is excused from complying because *(specify):*

6. [ ]  This action is subject to  [ ]  Civil Code section 1812.10  [ ]  Civil Code section 2984.4.
7.  This court is the proper court because
    a.  [ ]  a defendant entered into the contract here.
    b.  [ ]  a defendant lived here when the contract was entered into.
    c.  [X]  a defendant lives here now.
    d.  [ ]  the contract was to be performed here.
    e.  [ ]  a defendant is a corporation or unincorporated association and its principal place of business is here.
    f.  [ ]  real property that is the subject of this action is located here.
    g.  [ ]  other *(specify):*

8.  The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
    [X]  Breach of Contract
    [X]  Common Counts
    [ ]  Other *(specify):*

9. [X]  Other allegations:
       ALL EXHIBITS ATTACHED HERETO ARE INCORPORATED HEREIN, INCLUDE AFFIDAVIT OF
       SALE, STATEMENT OF ACCOUNT, AND CARDHOLDER AGREEMENT ON ACCOUNT AS SET
       FORTH HEREIN, AND OTHER RELEVANT DOCUMENTATION AS THOUGH FULLY SET FORTH.

10.  **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
    a.  [X]  damages of: $ 5,017.78
    b.  [X]  interest on the damages
        (1) [ ]  according to proof
        (2) [X]  at the rate of *(specify):*   24.50  percent per year from *(date):* 9/22/08
    c.  [X]  attorney's fees
        (1) [X]  of: $ 900.00
        (2) [ ]  according to proof.
    d.  [X]  other *(specify):*
       ALL APPROPRIATE RELIEF INCLUDING COSTS OF FILING AND SERVING COMPLAINT,
       PREJUDGMENT INTEREST AND ATTORNEY FEES. ALL DOCUMENTS ATTACHED HERETO ARE
       INCORPORATED BY REFERENCE AS THOUGH FULLY SET FORTH HEREIN.

11. [ ]  The paragraphs of this pleading alleged on information and belief are as follows *(specify paragraph numbers):*

Date: 11/24/09

Alan M. Laskin   SB#148858
      (TYPE OR PRINT NAME)                                (SIGNATURE OF PLAINTIFF OR ATTORNEY)
             *(If you wish to verify this pleading, affix a verification.)*

**COMPLAINT—Contract**                          Page 2 of 2

| SHORT TITLE: CACH, LLC vs. MARTINEZ | | PLD-C-001(1) |
|---|---|---|
| | CASE NUMBER: | |

FIRST                          **CAUSE OF ACTION—Breach of Contract**
_(number)_

ATTACHMENT TO [X] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

BC-1. Plaintiff *(name)*: CACH, LLC

alleges that on or about *(date)*:  2/8/05
a [X] written [ ] oral [ ] other *(specify)*:
agreement was made between *(name parties to agreement)*: BANK OF AMERICA, N.A. BANK AND
JESUS MARTINEZ

[ ] A copy of the agreement is attached as Exhibit A, or
[X] The essential terms of the agreement [ ] are stated in Attachment BC-1 [X] are as follows *(specify)*:
THE DEFENDANT(S)JESUS MARTINEZ AND DOES 1 TO 10, AND EACH OF THEM,
ENTERED INTO A CONTRACT, ACCOUNT NUMBER 4888-9379-9271-7399/4888-9361-
6196-0863, GENERATING A BALANCE OF $5,071.78, WITH ACCRUING INTEREST OF
24.50% PER ANNUM. BY USE OF THE CREDIT CARD DEFENDANT(S), AGREED TO ALL
THE TERMS AND CONDITIONS SET FORTH IN THE CONTRACT, INCLUDING AMENDMENTS
IF ANY.

BC-2. On or about *(dates)*: 8/30/08
defendant breached the agreement by [ ] the acts specified in Attachment BC-2 [X] the following acts
*(specify)*: DEFENDANT(S)  FAILED AND REFUSED TO PAY PURSUANT TO THE TERMS OF
THE CONTRACT BALANCE THEN DUE. AS A RESULT OF DEFENDANT(S) NON-
PERFORMANCE OF THE TERMS OF THE CONTRACT, DEFENDANT(S) REMAIN LIABLE FOR
A DEFICIENCY BALANCE, PLUS COSTS, ACCRUED INTEREST, DAMAGES, AND ATTORNEY
FEES AS SET FORTH HEREIN. PRIOR TO FILING THIS COMPLAINT, PLAINTIFF SENT
DEFENDANT(S) DEMAND LETTERS FOR PAYMENT TO LAST KNOWN ADDRESS; NO PAYMENT
IS FORTHCOMING.

BC-3. Plaintiff has performed all obligations to defendant except those obligations plaintiff was prevented or
excused from performing.

BC-4. Plaintiff suffered damages legally (proximately) caused by defendant's breach of the agreement
[ ] as stated in Attachment BC-4 [X] as follows *(specify)*: $5,017.78 PLUS 24.50% INTEREST
PER ANNUM FROM 9/22/08 TO DATE OF JUDGMENT.

BC-5. [X] Plaintiff is entitled to attorney fees by an agreement or a statute
[X] of $ 900.00
[ ] according to proof.

BC-6. [X] Other: ALL APPROPRIATE RELIEF, INCLUDING COSTS OF FILING AND SERVING
COMPLAINT, PREJUDGMENT INTEREST, AND ATTORNEY FEES. ALL DOCUMENTS
ATTACHED HERETO ARE INCORPORATED BY REFERENCE AS THOUGH FULLY SET FORTH
HEREIN.

Page 3
Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(1) [Rev. January 1, 2007]    **CAUSE OF ACTION—Breach of Contract**   Legal Solutions Plus   Code of Civil Procedure, § 425.12

| SHORT TITLE: CACH, LLC vs. MARTINEZ | PLD-C-001(2) |
|---|---|
| | CASE NUMBER: |

SECOND _____ (number)  **CAUSE OF ACTION—Common Counts**

ATTACHMENT TO  [X] Complaint   [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

CC-1. Plaintiff *(name):* CACH, LLC

   alleges that defendant *(name):* JESUS MARTINEZ

   became indebted to   [ ] plaintiff   [X] other *(name):* BANK OF AMERICA, N.A

   a.  [X]  within the last four years
      (1) [X]  on an open book account for money due.
      (2) [X]  because an account was stated in writing by and between plaintiff and defendant in which it
            was agreed that defendant was indebted to plaintiff.

   b.  [ ]  within the last  [ ] two years  [ ] four years
      (1) [ ]  for money had and received by defendant for the use and benefit of plaintiff.
      (2) [ ]  for work, labor, services and materials rendered at the special instance and request of defendant
            and for which defendant promised to pay plaintiff
            [ ]  the sum of $ 0.00
            [ ]  the reasonable value.
      (3) [ ]  for goods, wares, and merchandise sold and delivered to defendant and for which defendant
            promised to pay plaintiff
            [ ]  the sum of $ 0.00
            [ ]  the reasonable value.
      (4) [ ]  for money lent by plaintiff to defendant at defendant's request.
      (5) [ ]  for money paid, laid out, and expended to or for defendant at defendant's special instance and
            request.
      (6) [ ]  other *(specify):*

CC-2. $ 5,017.78 _____ , which is the reasonable value, is due and unpaid despite plaintiff's demand,
   plus prejudgment interest  [ ]  according to proof  [X] at the rate of 24.50 _____ percent per year
   from *(date):* 9/22/08

CC-3. [X]  Plaintiff is entitled to attorney fees by an agreement or a statute
      [X]  of $ 900.00
      [ ]  according to proof.

CC-4. [X]  Other:  ALL APPROPRIATE RELIEF, INCLUDING COSTS OF FILING AND SERVING
   COMPLAINT, PREJUDGMENT INTEREST, AND ATTORNEY FEES. ALL DOCUMENTS
   ATTACHED HERETO ARE INCORPORATED HEREIN AS THOUGH FULLY SET FORTH.

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(2) [Rev. January 1, 2009]   **CAUSE OF ACTION—Common Counts**   Legal Solutions Plus   Code of Civil Procedure, § 425.12

# EXHIBIT B

Alan M. Laskin, SBN 148858
Jason A. Ewing, SBN 232398
Jared B. Gaynor, SBN 263703
LAW OFFICES OF ALAN M. LASKIN
9381 East Stockton Boulevard Suite 116
Elk Grove, CA 95624
916-478-6702
800-547-4232 facsimile
alaskin@laskinlaw.com
Attorneys for Plaintiff

**F I L E D**
Clerk of the Superior Court

MAR 2 3 2010

IN THE SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

LIMITED CIVIL JURISDICTION

| | |
|---|---|
| CACH, LLC, | Case No. 37-2009-00062931-CL-CL-NC |
| Plaintiff, | |
| vs. | DECLARATION IN SUPPORT OF ENTRY OF JUDGMENT BY DEFAULT BY COURT |
| JESUS MARTINEZ, | |
| Defendant(s). | PURSUANT TO C.C.P. 585 |

I, __KARA EGIZI__ , do hereby declare:

1.     I am an authorized agent of Plaintiff herein, CACH, LLC ("Plaintiff"). I am custodian of Plaintiff's records in this action, including the records of this account sent to Plaintiff by the original creditor. In such capacity, and based upon my inspection of the books and records of Plaintiff maintained in the ordinary course of its business, I have personal knowledge of and am familiar with the credit card account which is the subject of this action. If called upon to testify as a witness herein, I could and would competently testify to the validity of this debt as follows:

2.     The credit card account was originated by Bank of America, N.A. and issued to Defendant, Jesus Martinez, with an original account number of 4888936161960863. A

1

1  copy of the card member agreement for the account is attached as (Exhibit "A").

2  3.     Defendant failed to pay Bank of America, N.A. the amount due under the

3  Agreement. As a result, on or about August 30, 2008, Bank of America, N.A. charged off

4  Defendant's balance due in the amount of $5,017.78, as reflected in the charge off

5  statement attached as Exhibit "B" and is incorporated herein by reference.

6  4.     Thereafter, Plaintiff purchased the subject account from Bank of America, N.A. as

7  reflected in the Affidavit form, a true and correct copy of which is attached hereto as

8  Exhibit "C" and is incorporated herein by reference.

9  5.     All of the attached exhibits are taken from the business records of Plaintiff and

10  Plaintiff's assignor and were kept in the ordinary course of business.

11  6.     Defendant has failed and refused to pay pursuant to the terms of the agreement

12  balance then due.  As a result of Defendant's non performance of the terms of the

13  contract, Defendant remains liable for a deficiency balance, plus costs, accrued interest,

14  damages, and reasonable attorney's fees as allowed by contract and applicable law.

15  7.     Based on the foregoing, Plaintiff hereby requests judgment on the unpaid balance

16  of $5,017.78, court costs incurred herein; and reasonable attorney's fees according to

17  proof, contract and applicable law.

18      I declare under the penalty of perjury under the laws of the State of California the

19  foregoing is true and correct. Executed at _____ on _____, 2010.

20                          CACH, LLC           FEB 2 5 2010

21                          By: _Kara Egzi_____

22                          KARA EGIZI

23                          Authorized Agent for Plaintiff CACH, LLC

24

25

26

27

28

2

## VISA® OR MASTERCARD® CARDMEMBER AGREEMENT

This is your Agreement with Bank of America, N.A. (USA) for your Visa® or Mastercard® account ("Account").

### YOUR ACCOUNT

### YOUR CREDIT LINE

### AUTHORIZATIONS

WE ARE PROVIDING YOU WITH THIS INFO... TO COMPLY WITH FEDERAL AND STATE...

**KEEP THIS NOTICE FOR FUTURE USE**

BCS-9743 4-99

© 1999 Bank of America

Recycled Paper

If the Index is unavailable on the Index Date described above, we may at our option, use: (a) the Index on the next available day after the Index Date, or (b) the reference rate of Bank of America NT&SA as an Index.

The Daily Periodic Rate is the nominal Annual Percentage Rate divided by the number of days in the year rounded to the next highest hundred thousandth of a percentage point.

**Promotional Balances:**
Annual Percentage Rate ("APR") of 3.9% (0.01068% corresponding Daily Periodic Rate) effective through the sixth billing cycle following the month your Account was opened. Thereafter, the Purchase APR below will apply to your purchases.

**Purchases:**
The Annual Percentage Rate for purchases, a variable rate, adjustable quarterly, is The Wall Street Journal prime rate ("Index") plus 8.99 percentage points. Based on this formula, the current Annual Percentage Rate is 16.74% (0.04587% corresponding Daily Periodic Rate).

**Cash Advances:**
The Annual Percentage Rate for cash advances, a variable rate, adjustable quarterly, is the Index plus 12.99 percentage points, with a minimum Annual Percentage Rate of 19.9%. Based on the formula, the current Annual Percentage Rate is 20.74% (0.05683% corresponding Daily Periodic Rate).

**Payment Performance:**
The Annual Percentage Rates described in this Additional Disclosure at all times are subject to the Payment Performance pricing described in the Cardmember Agreement. The current Annual Percentage Rate is 20.74% (0.05683% corresponding Daily Periodic Rate).

**YOUR PAYMENTS**

**Minimum Payment Due and Payment Due Date:**
The Minimum Payment Due is equal to the greater of: (a) the Current Minimum Amount Due (2.5% of the New Balance, $10 minimum) plus any Past Due Amount or (b) any Overlimit Amount. If the New Balance is $10 or less, however, the Minimum Payment Due is the entire New Balance. Your Payment Due Date will be 20 days from the Billing Date if you paid the New Balance by the Payment Due Date in your previous billing cycle, or 25 days from the Billing Date if you did not pay the New Balance by the Payment Due Date.

**OTHER CHARGES**

| | |
|---|---|
| Late Charge: | $29 |
| Overlimit Fee: | $29 |
| Returned Payment Fee: | $25 |
| Stop Payment Fee: | $15 |
| Copy Charge: | $3 per item |
| Research Fee: | $15 per hour |

**Affiliate Information-Sharing**   Federal law permits us to share with Bank of America affiliate companies information about you or your Account. In addition, we may share with our affiliates information received from outside sources, including information in your Account application ("Outside Information"). If you do not wish us to share Outside Information, you must write to Bank of America, P.O. Box 37025, Richmond, VA 23261-7025 to do so, and include your name, address, telephone number, Account number(s) and social security number.

**POINT EARNINGS AND REWARDS**

1. You will accrue a cash rebate equal to the following percentages of your annual Purchases: .50% of the first $4,000, .75% of the next $4,000, 1% of the next $4,000, and 2% of the next $3,000.

2. Your monthly BankAmericard Rewards Billing Statement will show your Cash Rebate earnings, and new Cash Rebate balance.

3. Your Cash Rebate earnings will be limited to your first $15,000 of purchases annually beginning with your October billing cycle and ending with your September billing cycle.

4. Every October, Cash Rebates earned for the previous year (October - September billing cycles) will be calculated. Cardmembers who have earned a Cash Rebate of $2.01 or more will be mailed a check for the amount of their rebate. Cardmembers who have earned a Cash Rebate of $2.00 or less will receive a credit to their account.

5. Your Cash Rebate will be forfeited if
   - You are in default of your Cardmember Agreement (e.g., you do not make your Minimum Payment Due by the Payment Due Date); or
   - Your BankAmericard Rewards Account is closed by you or by us.

6. We have the right to suspend or terminate this Program at any time. We also have the right to add, eliminate or modify the Cash Rebate earning and redemption structures.

7. Cash Rebate checks, once received by you, will not be replaced if stolen, lost, destroyed or expired.

8. You will be solely responsible for any federal or state tax liability or reporting on your Cash Rebate.

9. Cash Rebate dollars do not constitute your property.

10. Cash Rebate checks which are not presented for deposit or payment by you within 90 days will be void, and you will forfeit any right to the proceeds which will become the property of Bank of America NA.

## Bank of America

### BANKAMERICARD®
### VISA® OR MASTERCARD®
### CARDMEMBER AGREEMENT

### ADDITIONAL DISCLOSURE

The following terms are for your Visa, MasterCard, Visa Gold, Gold MasterCard or Platinum Reserve™ Account ("Account"). Except for the terms below, the terms in the enclosed Cardmember Agreement apply. If there is a conflict, the terms in this Additional Disclosure will control.

**YOUR ACCOUNT**

**Overdraft Protection:**
If your Bank of America personal checking account is overdrawn and your Account is listed for Overdraft Protection, we may transfer funds from your Account to cover the overdraft (in multiples of $100), as long as your Account has sufficient available credit and you are not in default under this Agreement. If your checking account is outside California, Overdraft Protection may not be available.

**FINANCE CHARGE**

**Minimum Finance Charge:**
50¢ in any billing cycle in which a Finance Charge based on a periodic rate for Purchases is payable.

**Cash Advance Fees:**
ATM Advances and Account Checks — 3% (33 minimum)
Overdraft Protection — 3% ($6 minimum)
Cash Disbursements — 3% ($10 minimum)
Quasi Cash — 4% ($20 minimum)

**PERIODIC RATES**

Each quarter, we compute the Annual Percentage Rate by starting with an Index which is the Prime Rate (the base rate on corporate loans at large U.S. money center commercial banks) that is published in The Wall Street Journal ("Index"). We use the Index in effect on the following dates to calculate your rates in the following billing cycles:

We will determine your Index as follows:

| Index on the Last Business Day is: | Applies to Billing Cycles with Billing Dates in: |
|---|---|
| November | January, February, March |
| February | April, May, June |
| May | July, August, September |
| August | October, November, December |

BC-5078 PR 3-99

© 1999 Bank of America

Recycled Paper

Prepared for:   JESUS MARTINEZ

Account Number:   4888 9361 6196 0863

August 2008 Statement

Credit Line:   $4,000.00
Cash or Credit Available:


## Bank of America

### Summary of Transactions

| | | |
|---|---|---|
| Previous Balance | | $4,867.38 |
| Payments and Credits | - | $0.00 |
| Purchases and Adjustments | + | $39.00 |
| Periodic Rate Finance Charges | + | $111.40 |
| Transaction Fee Finance Charges | + | $0.00 |
| New Balance Total | | $5,017.78 |

### Billing Cycle and Payment Information

| | |
|---|---|
| Days in Billing Cycle | 30 |
| Closing Date | 08/21/08 |
| Payment Due Date | 09/15/08 |
| Current Payment Due | $199.00 |
| Past Due Amount   + | $1,189.00 |
| Total Minimum Payment Due | $1,388.00 |

### Customer Service

For information on Your Account Visit:
www.bankofamerica.com
Call toll-free 1-800-789-6685
TDD hearing-impaired 1-800-346-3178

Mail Payments to:
BANK OF AMERICA
P.O. BOX 5726
WILMINGTON, DE 19886-5726

Mail Billing Inquiries to:
BANK OF AMERICA
P.O. BOX 15026
WILMINGTON, DE 19850-5026

### Transactions

| Purchases and Adjustments | Promotional Offer ID | Posting Date | Transaction Date | Reference Number | Account Number | Amount |
|---|---|---|---|---|---|---|
| LATE FEE FOR PAYMENT DUE 08/16 | | 08/16 | 08/16 | 4867 | | 39.00 |

### Important Information About Your Account

YOUR PAYMENT WAS NOT RECEIVED BY THE DUE DATE. TO AVOID FUTURE FEES OR RATE INCREASES, PLEASE MAKE YOUR PAYMENTS ON TIME AND REMAIN UNDER YOUR CREDIT LIMIT. REMEMBER, IF TWICE IN 12 MONTHS YOUR PAYMENT IS RECEIVED AFTER THE DUE DATE AND/OR YOUR CREDIT LIMIT IS EXCEEDED, YOUR APR MAY INCREASE.

OUR RECORDS SHOW YOUR ACCOUNT IS PAST DUE

### Finance Charge Schedule

| Category | Promotional Transaction Types | Daily Periodic Rate | Corresponding Annual Percentage Rate | APR Type | Balance Subject to Finance Charge |
|---|---|---|---|---|---|
| Balance Transfers | | 0.075342% V | 27.49% | S | $0.00 |
| Cash Advances | | 0.075342% V | 27.49% | S | $835.36 |
| Purchases | | 0.075342% V | 27.49% | S | $4,093.38 |

Annual Percentage Rate for this Billing Period:   27.49%
(Includes Periodic Rate Finance Charges and Transaction Fee Finance Charges that results in an APR which exceeds the corresponding APR above.)

APR Type Definitions: Daily Interest Rate Type: V— Variable Rate (Interest Rate may vary); APR Type: S— Standard APR (APR normally in effect)



18   00501778001388000001020000048889361961960863

BANK OF AMERICA
P.O. BOX 15726
WILMINGTON, DE 19886-5726

JESUS MARTINEZ
16669 CIMARRON CREST DR
SAN DIEGO CA  92127-3449-694



☐ Check here for a change of mailing address or phone number(s). Please provide all corrections on the reverse side.

### Payment Information

ACCOUNT NUMBER:   4888 9361 6196 0863

NEW BALANCE TOTAL: $5,017.78
PAYMENT DUE DATE:   09/15/08

Enter Payment Amount Enclosed:

$

Mail this payment coupon along with a check or money order payable to: BANK OF AMERICA



Page 1 of 2

**IMPORTANT INFORMATION ABOUT THIS ACCOUNT**                                    USE211  Rev. 04/08

**CUSTOMER STATEMENT OF DISPUTED ITEM** – Please call toll free 1.866.266.0212 Monday-Thursday 8am-9pm (Eastern Time), Friday 8am-7pm (Eastern Time) and Saturday 8am-6pm (Eastern Time). For prompt service please have the merchant reference number(s) available for the charge(s) in question.

PLEASE DO NOT ALTER WORDING ON THIS FORM AND DO NOT MAIL YOUR LETTER OR FORM WITH YOUR PAYMENT.

Your Name: _____                                    Choose only one dispute reason.
Transaction Date: _____    Posting Date: _____          Account Number: _____
Amount $: _____    Disputed Amount $: _____             Reference Number: _____
                                                                  Merchant Name: _____

☐ 1. The amount of the charge was increased from $_____ or my sales slip was added incorrectly. Enclosed is a copy of the sales slip that shows the correct amount.

☐ 2. I certify that the charge listed above was not made by me or a person authorized by me to use my card, nor were the goods or services represented by the transaction received by me or a person authorized by me.

☐ 3. I have not received the merchandise that was to be shipped to me on ___/___/___ (MM/DD/YY). I have asked the merchant to credit my account.

☐ 4. I was issued a credit slip that was not shown on my statement. A copy of my credit slip is enclosed. The merchant has up to 30 days to credit your account.

☐ 5. Merchandise that was shipped to me has arrived damaged and/or defective. I returned it on ___/___/___ (MM/DD/YY) and asked the merchant to credit my account. Attach a letter describing how the merchandise was damaged and/or defective and a copy of the proof of return.

☐ 6. Although I did engage in the above transaction, I have contacted the merchant, returned the merchandise on ___/___/___ (MM/DD/YY) and requested a credit. I either did not receive this credit or it was unsatisfactory. Attach a letter explaining why you are disputing this charge with a copy of the proof of return. If you are unable to return the merchandise, please explain.

☐ 7. I certify that the charge in question was a single transaction, but was posted twice to my statement. I did not authorize the second transaction. Sale #1 $_____ Reference #_____ Sale #2 $_____ Reference #_____

☐ 8. I notified the merchant on ___/___/___ (MM-DD/YY) to cancel the pre-authorized order (reservation). Please note cancellation # and if available, enclose a copy of your contract and a copy of your telephone bill showing date and time of cancellation. Reason for cancellation / cancellation #:

☐ 9. Although I did engage in the above transaction, I have contacted the merchant for credit. The services to be provided on ___/___/___ (MM-DD/YY) were not received or were unsatisfactory. Attach a letter describing the services expected, your attempts to resolve with the merchant and a copy of your contract.

☐ 10. I certify that I do not recognize this transaction. Merchants often provide telephone numbers next to their name on your billing statement. Please attempt to contact the merchant for information.

☐ 11. If your dispute is for a different reason, please contact us at the above telephone number.

Signature (required): _____    Date: _____
Best contact telephone #: _____    Home#: _____

Billing rights are only preserved by written inquiry. To preserve your billing rights, please return a copy of this form and any supporting information regarding the merchant charge in question to: Attn: Billing Inquiries, P.O. Box 15026, Wilmington, DE 19850-5026, USA.

**PLEASE KEEP THE ORIGINAL FOR YOUR RECORDS AND SEND A COPY OF THIS STATEMENT.**

**GRACE PERIOD**

"Grace Period" means the period of time during a billing cycle when you will not accrue Periodic Rate Finance Charges on certain transactions or balances. There is no Grace Period for Balance Transfers and Cash Advances. If you pay in full this statement's New Balance Total by its Payment Due Date and if you paid in full that statement's Previous Balance in this statement's cycle, then you will have a Grace Period during the billing cycle that began the day after this statement's Closing Date on the Purchase portions of this statement's New Balance Total.

During a 0% Promotional Rate Offer: 1) no Periodic Rate Finance Charges accrue on balances with the 0% Promotional Rate; and 2) you must pay the Total Minimum Payment Due by its Payment Due Date (and avoid any other "promotion turn-off event" as defined in your Credit Card Agreement) to maintain the 0% Promotional Rate.

"*" If a corresponding Annual Percentage Rate in the Finance Charge Schedule on the front of this statement contains a "**" symbol, then with respect to those balances: 1) the 0% Promotional Rate will expire at the end of the next billing cycle, and 2) you must pay this statement's New Balance Total by its Payment Due Date to avoid Periodic Rate Finance Charges after the end of the 0% Promotional Rate Offer on those balances existing as of the Closing Date of this statement.

**CALCULATION OF BALANCES SUBJECT TO FINANCE CHARGE**

Average Balance Method (including new Balance Transfers and new Cash Advances): We calculate separate Balances Subject to Finance Charge for Balance Transfers, Cash Advances, and for each Promotional Offer balance consisting of Balance Transfers or Cash Advances. We do this by: (1) calculating a daily balance for each day in this statement's billing cycle; (2) calculating a daily balance for each day prior to this statement's billing cycle that had a "Pre-Cycle balance" - a Pre-Cycle balance is a Balance Transfer or Cash Advance with a transaction date prior to this statement's billing cycle but with a posting date within this statement's billing cycle; (3) adding all the daily balances together; and (4) dividing the sum of the daily balances by the number of days in this statement's billing cycle.

To calculate the daily balance for each day in this statement's billing cycle, we take the beginning balance, add an amount equal to the applicable Daily Periodic Rate multiplied by the previous day's daily balance, add new Balance Transfers, new Cash Advances and new Transaction Fees, and subtract applicable payments and credits. If any daily balance is less than zero, we treat it as zero.

To calculate a daily balance for each day prior to this statement's billing cycle that had a Pre-Cycle balance, we take the beginning balance attributable solely to Pre-Cycle balances (which will be zero on the transaction date of the first Pre-Cycle balance), add an amount equal to the applicable Daily Periodic Rate multiplied by the previous day's daily balance, and add only the applicable Pre-Cycle balances, and their related Transaction Fees. We exclude from this calculation all transactions posted in previous billing cycle.

Average Daily Balance Method (including new Purchases): We calculate separate Balances Subject to Finance Charge for Purchases and for each Promotional Offer balance consisting of Purchases. We do this by: (1) calculating a daily balance for each day in the billing cycle; (2) adding all the daily balances together; and (3) dividing the sum of the daily balances by the number of days in the billing cycle.

To calculate the daily balance for each day in this statement's billing cycle, we take the beginning balance, add an amount equal to the applicable Daily Periodic Rate multiplied by the previous day's daily balance, add new Purchases, new Account Fees, and new Transaction Fees, and we do not add new Purchases, new Account Fees, or new Transaction Fees which post after that payment in full date.

We include the costs for the credit card debt cancellation plan or credit insurance purchased through us in calculating the beginning balance for the first day of the billing cycle after the billing cycle in which such costs are billed.

**TOTAL PERIODIC RATE FINANCE CHARGE COMPUTATION**

Periodic Rate Finance Charges accrue and are compounded on a daily basis. To determine the Periodic Rate Finance Charges, we multiply each Balance Subject to Finance Charge by its applicable Daily Periodic Rate and that result by the number of days in the billing cycle. To determine the total Periodic Rate Finance Charge for the billing cycle, we add the Periodic Rate Finance Charges together. Each Daily Periodic Rate is calculated by dividing its corresponding Annual Percentage Rate by 365.

**HOW WE ALLOCATE YOUR PAYMENTS**

We will allocate your payments in the manner we determine. In most instances, we will allocate your payments to balances (including transactions made after this statement) with lower APRs before balances with higher APRs. This will result in balances with lower APRs (such as new balances with promotional APR offers) being paid before any other existing balances.

**Payment Due Dates and Keeping Your Account in Good Standing**

Your Payment Due Date will not fall on the same day each month. In order to help maintain any promotional rates, to avoid the imposition of Default Rates (if applicable), to avoid late fees, and to avoid overlimit fees, we must receive at least the Total Minimum Payment Due by its Payment Due Date each billing cycle and you must maintain your account balance below your Credit Limit each day.

**Important Information about Payments by Phone**

When using the optional Pay-by-Phone service, you authorize us to initiate an electronic payment from your account at the financial institution you designate. You must authorize the amount and timing of each payment. For your protection, we will ask for security information. A fee may apply. To cancel, call us before the scheduled payment date. Same-day payments cannot be edited or canceled.

**MISCELLANEOUS**

For the complete terms and conditions of your account, consult your Credit Card Agreement. FIA Card Services is a tradename of FIA Card Services, N.A. This account is issued and administered by FIA Card Services, N.A.

**PAYMENTS**

We credit payments as of the date received, if the payment is 1) received by 5 p.m. (Eastern Time), 2) received at the address shown in the bottom left-hand corner of the front of this statement, 3) paid with a check drawn in U.S. dollars on a U.S. financial institution or a U.S. dollar money order, and 4) sent in the enclosed return envelope with only the bottom portion of this statement accompanying it. Payments received after 5 p.m. on any day including the Payment Due Date, but that otherwise meet the above requirements, will be credited as of the next day. We will reject payments that are not drawn in U.S. dollars and those drawn on a financial institution located outside of the United States. Credits for any other payments may be delayed up to five days. No payment shall operate as an accord and satisfaction without the prior written approval of one of our Senior Officers.

We process most payment checks electronically by using the information found on your check. Each check authorizes us to create a one-time electronic funds transfer (or process it as a check or paper draft). Funds may be withdrawn from your account as soon as the same day we receive your payment. Checks are not returned to you. For more information or to stop the electronic funds transfers, call us at the number listed on the front.

If you have authorized us to pay your credit card bill automatically from your savings or checking account with us, you can stop the payment on any amount you think is wrong. To stop the payment your letter must reach us at least three business days before the automatic payment is scheduled to occur.

If your billing address or contact information has changed, or if your address is incorrect as it appears on this bill, please provide all corrections here.

Address 1 _____
Address 2 _____
City _____
State _____    Zip _____
Area Code & Home Phone _____
Area Code & Work Phone _____

Page 2 of 2

EXHIBIT C
*FILED UNDER SEAL*