TIMOTHY P. JOHNSON (BAR NO. 66333)
LAW OFFICES OF TIMOTHY P. JOHNSON
1970 OLD TUSTIN AVENUE, SECOND FLOOR
SANTA ANA, CALIFORNIA 92705
TELEPHONE: (714) 832-1170
FACSIMILE: (714) 832-1179
E-MAIL: tjohnson@johnson-chambers.com

Attorneys for Defendant CACH, LLC

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MARTINEZ, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CACH, LLC, a Colorado Limited Liability Company; SQUARETWO FINANCIAL COMMERCIAL FUNDING CORPORATION, a Delaware Corporation, and DOES 2 through 25<br><br>Defendant. | Case No.  10 CV 01625 DMS MDD<br><br>**BRIEF IN SUPPORT OF DEFENDANT CACH, LLC'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**<br><br>Date: October 14, 2011<br>Time:  1:30 p.m.<br>Courtroom:   10<br><br>The Honorable Dana M. Sabraw |

Defendant CACH, LLC submits this brief in support of its motion to dismiss the Third and Fourth Causes of Action of the Second Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) ("the Motion").

-1-

BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS
SECOND AMENDED COMPLAINT                                          Case No.  10 CV 01625 DMS JMA

# 1. BACKGROUND

1.1. Plaintiff originally filed this suit as a putative class action under both the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788.1, et seq. Plaintiff subsequently filed a First Amended Complaint alleging claims based on Actual Fraudulent Transfer, Constructive Fraudulent Transfer and Alter Ego in addition to the FDCPA and RFDCPA claims. Defendant filed a Motion to Dismiss the First Amended Complaint based on various legal issues. This Court granted Defendant's Motion to Dismiss as the Third and Fourth Causes of Action for Actual Fraudulent Transfer and Constructive Fraudulent Transfer with leave to amend. Plaintiff then filed his Second Amended Complaint to which this Motion is addressed.

1.2 Plaintiff alleges in both his Third Cause of Action for Actual Fraudulent Transfer and his Fourth Cause of Action for Constructive Fraudulent Transfer that CACH transferred assets to its parent corporation SquareTwo Financial Commercial Funding Corporation while retaining liabilities in order to avoid demonstrating a "net worth".

1.3 In order to meet his obligation to allege specific facts demonstrating that a fraudulent transfer occurred as required by this Court, Plaintiff has attached various balance sheets prepared by CACH as Exhibit C to his Second Amended Complaint. However, as may be quickly noted from a review of those balance sheets, there is no evidence that any money or funds actually passed between CACH and its parent discernible from those balance sheets. Instead, the balance sheets simply provide figures that are "payable to parent" or "due Inter-Company". The balance sheets

reflect what CACH lists as owed to its parent, not what it has paid to its parent.

## 2. RULE 12(b)(6) DISMISSAL

2.1. Motions to dismiss pursuant to FRCP 12(b)(6) permit challenges directed at the legal sufficiency of the pleadings. *Ross v. U.S. Bank Nat'l Ass'n,* 542 F.Supp.2d 1014, 1023 (N.D. Cal. 2008).

A motion to dismiss should be granted when, even if all material facts in the pleading are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.* 896 F.2d 1542, 1550 (9th Cir. 1990).

Fed. R. Civ. Pro. 8 (a)(2) requires that pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Mere conclusions or recitations of the elements of a cause of action are not sufficient. See *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

A pleading must allege facts that support a claim for violations of debt collection laws. Mere conclusory statements that debt collection laws were violated does not meet the pleading standards of Rule 8. *Gorman v. Wolpoff &Abramson, LLP*, 370 F. Supp. 2d 1005, 1013 (N.D. Cal. 2005); *Townsend v. Chase Bank USA N.A.,* 2009 U.S. Dist. LEXIS 13116*7, 2009 WL 426393 (C.D. Cal. Feb. 15, 2009).

The allegations in the Second Amended Complaint as to the Third and Fourth Causes of Action consist simply of legal conclusions that are not supported by any facts. Where there is an absence of sufficient facts alleged to support the legal theory claimed by the plaintiff or the absence of a supportable legal theory in a complaint, a motion to dismiss pursuant to Rule

BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS
SECOND AMENDED COMPLAINT                    Case No. 10 CV 01625 DMS JMA

12(b)(6) should be granted. *Bell Atlantic Corp., supra,* 550 US 544 at 556-557.

This court is not bound to accept as true mere legal conclusions even if they are passed off as factual allegations. *Ashcroft v. Iqbal,* 129 S. Ct 1937, 1951 (2009).

### 3. ACTUAL FRAUDULENT TRANSFER CLAIM

3.1. Plaintiff has failed to allege or offer any factual basis for his allegation in the Third Cause of Action of the Second Amended Complaint that any transfer of funds has occurred, let alone a fraudulent transfer of funds.

3.2 In order to establish a fraudulent conveyance claim, there must be a conveyance without fair consideration. *Patterson v. Missler,* (1965) 238 Cal.App.2d 759, 764. The Second Amended Complaint at best alleges that the CACH's ledgers have been adjusted to make it appear that CACH has no assets. Whatever that is, it is not a fraudulent conveyance or a conveyance of any type of assets.

3.3 A claim for a fraudulent transfer is subject to the heightened pleading requirements of Rule 9(b). *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1102-03 (9th Cir. 2003). Thus, a party claiming a fraudulent conveyance must state with particularity the circumstances constituting the fraud, "the who, what when, where, and how" that identifies the purportedly fraudulent conduct. *Vess,* 317 F.3d at 1106. See also: *Seror v. Stone (In re Automated Fin. Corp.),* 2011 Bankr. LEXIS 291*12 (Bankr. C.D. Cal. January 25, 2011). The Second Amended Complaint has not alleged any facts supporting a claim of fraudulent conveyance, only conclusions. A statement that money is owed is not a fraudulent transfer. This type of pleading does not meet the heightened pleading standards of Rule 9(b) and does not adequately

plead a claim for a fraudulent conveyance against CACH.

3.4   It is submitted that there is no likelihood that Plaintiff can plead any facts supporting his claim that a fraudulent conveyance occurred. These documents referenced by Plaintiff as Exhibit C to his Second Amended Complaint reflect a balancing of the books between CACH and its parent for money obtained to purchase debt. There are no facts alleged in the Second Amended Complaint or in any other documents filed by Plaintiff in this case which demonstrate that any fraudulent conveyance occurred between CACH and any entity.

## 4. CONSTRUCTIVE FRAUDULENT TRANSFER CLAIM

4.1.   As is the case with the Active Fraudulent Transfer claim, Plaintiff has failed to allege or offer any factual basis for his allegation in the Fourth Cause of Action of the Second Amended Complaint that any transfer of funds has occurred, let alone a constructive fraudulent transfer of funds.

4.2   It is recognized that a constructive fraudulent transfer claim is not subject the heightened pleading standards of Rule 9(b), nevertheless, Plaintiff must still allege some facts demonstrating that a conveyance occurred and that it was made without adequate consideration. *Seror, supra,* at *13. As stated by the *Seror* court: "However, the allegation that the debtor(s) did not receive reasonably equivalent value in exchange for the transfers is nothing more than a bare conclusion not supported by any factual assertion, failing to meet even the ordinary pleading standards found in Rule 8." *Seror, supra*, at *13-14.

4.3   Again, Plaintiff has failed to allege any facts supporting his claims nor will he be able to do so. As is the case with the Active Fraudulent Transfer claim,

-5-

BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS
SECOND AMENDED COMPLAINT                         Case No. 10 CV 01625 DMS JMA

the only facts raised by Plaintiff—other than unsupported innuendo—in any of his filings with the Court demonstrate only a normal balancing of the books in order to account for assets and liabilities arising out of the use of Defendant's parent's credit line to purchase debt. There is no evidence suggested by Plaintiff of any fraudulent conveyance of any specific assets by CACH to any entity.

## 5. CONCLUSION

Plaintiff asserts that actual fraudulent conveyances and constructive fraudulent conveyances have occurred between CACH and SquareTwo Financial Commercial Funding Corporation without presenting the Court with any factual bases for those claims in his Second Amended Complaint or in any other pleadings or documents filed with this Court. There is no basis for granting leave to amend in a case such as this where the facts are not in dispute and the issues can be resolved as a matter of law. *Albrecht v. Lund,* 845 F.2d 193, 195-196 (9th Cir. 1988). Accordingly, this Motion should be granted without leave to amend.

Dated: August 1, 2011

                                      **LAW OFFICES OF TIMOTHY P. JOHNSON**

                                      By: /s/Timothy Johnson
                                              TIMOTHY P. JOHNSON

*Martinez v. CACH, LLC*
**USDC, Case No. 10 CV 01625 DMS JMA**

## CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 1970 Old Tustin Avenue, Second Floor, Santa Ana, California 92705.

On August 1, 2011, I served a true copy of **BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** on all interested parties in this action by:

[ ]   By personally delivering it to the person(s) indicated below in the manner as provided in FRCP 5(B);

[ ]   By depositing it in the United States mail in a sealed envelope with the postage thereon fully prepaid to the following:

[ ]   By overnight delivery using an envelope or package provided by the overnight service carrier and addressed to the following:

[X]   By ECF: On this date, I electronically filed the document(s) with the Clerk of the Court using the CM/ECF system, which sent electronic notification of such filing to the following:

Stephen G. Recordon, Esq.  
RECORDON & RECORDON  
225 Broadway, Suite 1900  
San Diego, CA  92101

Clinton Rooney, Esq.  
ROONEY & LICKEL  
1102 Cesar E. Chavez Parkway  
San Diego, CA  92113

Mathew B. Butler, Esq.  
NICHOLAS & BUTLER, LLP  
225 Broadway, 19th Floor  
San Diego, CA  92101

I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

**EXECUTED** on August 1, 2011, at Santa Ana, California.

/s/Timothy Johnson
TIMOTHY P. JOHNSON

-7-

BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS
SECOND AMENDED COMPLAINT

Case No.  10 CV 01625 DMS JMA