Stephen G. Recordon (SBN 91401)
**RECORDON & RECORDON**
225 Broadway, Suite 1900
San Diego, CA 92101
Phone: (619) 232-1717
Facsimile: (619) 232-5325
Email: sgrecordon@aol.com

Clinton Rooney (SBN 221628)
**ROONEY & LICKEL**
1102 Cesar E Chavez Parkway
San Diego, CA 92113
Tel: (619) 573-9547
Email: rooneycdi@gmail.com

Matthew B. Butler (SBN 201781)
Tracy J. Jones (SBN 263632)
**NICHOLAS & BUTLER, LLP**
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: mbutler@nblaw.org

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MARTINEZ, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CACH, LLC, a Colorado Limited Liability Company; SQUARETWO FINANCIAL COMMERCIAL FUNDING CORPORATION, a Delaware Corporation, and DOES 2 through 25,<br><br>Defendant. | CASE NO.: 10CV1625-DMS-MDD<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT CACH, LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(B)(6)**<br><br>Date: October 14, 2011<br>Time: 1:30 p.m.<br>Courtroom: 10<br>Judge:   Hon. Dana M. Sabraw |

Plaintiff Jesus Martinez (hereinafter "Martinez") respectfully submits this Memorandum and Points of Authorities in Opposition to Defendant CACH, LLC's (hereinafter "CACH") Motion to Dismiss Plaintiff's Second Amended Complaint ("SAC") Pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) ("Rule 12(b)(6)").

**I.**

**INTRODUCTION**

Defendant CACH, LLC ("Defendant" or "CACH") violated the federal Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 et seq.) (hereinafter "FDCPA") and the California Rosenthal Fair Debt Collection Practices Act (Cal. Civil Code §§ 1788-1788.32) (hereinafter "Rosenthal Act") when, as a custom and practice, it sued class members for excessive interest rates it did not have a legal right to collect. On April 4, 2011, Plaintiff filed a First Amended Complaint ("FAC"), which in addition to the FDCPA and the Rosenthal claims, it alleged claims for Actual Fraudulent Transfer (Cal. Civ. Code § 3439), Constructive Fraudulent Transfer (Cal. Civ. Code § 3439), and Alter Ego. Plaintiff Jesus Martinez ("Mr. Martinez") brings this action to stop the illegal practice and recover damages for the class of consumers who have been wronged by Defendants' unlawful conduct.

On April 25, 2011, CACH filed a motion to dismiss Plaintiff's fraudulent transfer claims in the FAC under Rule 12(b)(6). That motion was granted with leave to amend. On July 12, 2011, Plaintiff filed its SAC. The SAC expanded upon the factual allegations regarding fraudulent transfers between CACH and its parent company SquareTwo Financial Commercial Funding Corporation ("SquareTwo"). The SAC also added exhibits including financial documents filed under seal showing evidence of the fraudulent transfers. The amendments made and exhibits included in Plaintiff's SAC overcome any deficiency existing in the fraudulent transfer claims in the FAC. Therefore, the Court should deny Defendant's motion to dismiss in its entirety.

**II.**

**STATEMENT OF FACTS**

Defendant CACH, LLC violated the FDCPA and the Rosenthal Act when as a custom and practice it sued class members for excessive interest rates it did not have a legal right to collect. Sometime before December 21, 2009, Plaintiff is alleged to have incurred certain financial obligations to Bank of America, NA. Defendant sued Mr. Martinez in California Superior Court (Case No. 37-2009-00062391-CL-CL-NC) for common counts based upon an alleged past due

balance of revolving credit with Bank of America. The unpaid debt assigned, purchased or transferred in some way to Defendant for purposes of collection. Defendant's complaint illegally claimed a 24.5 percent fixed interest rate. The FDCPA and Rosenthal Act prevent Defendant from claiming a fixed interest rate greater than the legal rate of 10 percent with a revolving credit account that bears a variable interest rate. Defendant illegally uses the custom and practice of claiming inflated and improper fixed interest rates in court actions filed against California debtors who were sued for collection of such debts.

As the damages in this action hinge upon the defendant's net worth, the parties engaged in informal discovery of Defendant CACH's financials, overseen by Magistrate Judge Adler. The documents given to the Plaintiff by CACH demonstrated some striking and unusual financial entries that imply the existence of a fraudulent transfer or transfers totaling at least $248 million in assets from CACH to its parent SquareTwo and/or others so that CACH will be unable to adequately cover any liabilities, including damages in this action and show a zero or negative net worth. Such transfers are even subtly acknowledged in SquareTwo's SEC Form S-4 filing of on or around November 2010. The documents showing these transfers were filed under seal as Exhibit "C" to Plaintiff's SAC.

### III.

### DEFENDANT'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) MUST BE DENIED BECAUSE PLAINTIFF PLEADS SUFFICIENT FACTS SUPPORTING HIS THIRD AND FOURTH CLAIMS

**A.  There is a Powerful Presumption Against Rejecting a Complaint for Failure to State a Claim.**

FRCP 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001). This standard contains "a powerful presumption against rejecting pleadings for failure to state a claim" and thus a "motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). The "issue on a motion to dismiss for failure to state a claim is not whether the claimant will ultimately prevail, but

whether the claimant is entitled to offer evidence to support the claims asserted." *Id*.

Accordingly, under Rule 12(b)(6), a complaint should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief." *Lewis v. Telephone Employees Credit Union,* 87 F.3d 1537, 1545 (9th Cir. 1996). When determining the legal sufficiency of a complaint, all "allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). Furthermore, the complaint need not contain detailed factual allegations. *Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097, 1104 (9th Cir. 2008). As such, grating a motion to dismiss "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro, supra,* 250 F.3d at 732. To survive a motion to dismiss the complaint must "state enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff's SAC contains facts and includes documents sufficient to support claims of fraudulent transfer and constructive transfer.

**B.     Plaintiff's Claim for Actual Fraudulent Transfer is Sufficiently Plead**

To support a claim for actual fraudulent transfer, Plaintiff must state with particularity facts showing a conveyance between CACH and SquareTwo that was without fair consideration. Plaintiff's Third Claim for Actual Fraudulent Transfer specifically pleads facts about a $248,000,000 transfer from CACH to SquareTwo at paragraphs 62-65 of the SAC, which were filed under seal[1]. The facts contained in those paragraphs are more than "legal conclusions" or "mere assertions". They outline specific transfers and discuss the supporting documents evidencing the transfers. Those supporting documents also show Plaintiff's actual fraudulent transfer claim at Exhibit "C"[2]. Plaintiff's SAC pleads enough facts to at a minimum survive CACH's motion to dismiss.

---

[1] More information regarding these paragraphs is omitted from this opposition in order to avoid having to file this opposition under seal.

[2] More discussion regarding these documents is omitted from this opposition in order to avoid having to file this opposition under seal.

CACH argues that the payment of virtually all of its assets to its parent company does not amount to a "transfer". CACH claims it owes money to its parent for "loans" for which CACH cannot produce any terms, interest rate, or written agreement. However, the Court cannot presume that CACH's transactions with SquareTwo are fair market, arms' length transactions. These transfers on their face constitute transfers of money which are assets under California Civil Code section 3439.01(a). CACH appears to transfer immense sums of money to its parent company, based on nothing more than a purported verbal agreement, the terms of which have not be disclosed by CACH.

CACH argues that its payments to SquareTwo are not for market value. This is an issue that can only be answered after discovery, and not at the pleading stage. CACH has been presented in this action with opportunities to provide evidence, under seal, of the fairness of the transfers to SquareTwo, but it has not. CACH has provided no written agreement, for example for the nearly quarter-billion dollars in payments to SquareTwo for "software services" and "loans."

These transfers make CACH show a negative net worth. If CACH becomes insolvent, it will be unable to meet the obligations of its ongoing debt collection business. If the Court were to bless CACH and SquareTwo's "loans" it would be immunizing CACH from liability for unfair, harassing debt collection practices and undermining the enforcement mechanisms of the FDCPA. Therefore, the Court should deny Defendant's motion to dismiss Plaintiff's claim for actual fraudulent transfer.

**C.  Plaintiff's Claim for Constructive Fraudulent Transfer is Sufficiently Plead**

CACH admits there is no "heightened scrutiny" standard to pleading constructive fraudulent transfer. In order to show a constructive fraudulent transfer, California Civil Code section 3439.05 requires Plaintiff to show that CACH transferred an asset without receiving a "reasonably equivalent value" in exchange, and that CACH was insolvent at that time, or became insolvent as a result of the transfer.

Plaintiff's Fourth Claim for Constructive Fraudulent Transfer specifically pleads facts about a $248,000,000 transfer from CACH to SquareTwo at paragraphs 72-75 of the SAC which

were filed under seal[3]. The facts contained in those paragraphs are more than "legal conclusions" or "mere assertions". They outline specific transfers and discuss the supporting documents evidencing the transfers. Those supporting documents also support Plaintiff's constructive fraudulent transfer claim at Exhibit "C"[4]. Plaintiff's SAC pleads enough facts to at a minimum survive CACH's motion to dismiss.

### D. Granting CACH's Motion to Dismiss Would Undermine the Policy and Purpose Behind Federal Pleading Requirements

The purpose behind Federal pleading requirements is to put defendants on notice sufficient so that they can preserve evidence and prepare their defense. As a practical matter, Plaintiff's allegations in his Third and Fourth Claims put Defendant on notice of which transfers were fraudulently conveyed. Defendant has been informed of the exact nature of Plaintiff's claims at paragraphs 62-65, 72-75, and Exhibit "C". Therefore, granting CACH's motion to dismiss would not further the policy behind Federal pleading requirements.

### IV.

### IN THE ALTERNATIVE, SHOULD THE COURT FIND ANY PLEADING INADEQUACIES, THE COURT SHOULD GRANT PLAINTIFF LEAVE TO AMEND

If this Court finds inadequacies in Plaintiff's complaint, the Court should grant Plaintiff leave to amend his complaint. The Court should liberally grant leave to amend if there is any possibility that a defect in Plaintiff's complaint could be cured by additional or more specific factual allegations. *See Chung Hak Hong v. U.S. Dept. of Homeland Security Citizenship and Immigration Services*, 662 F.Supp.2d 1195, 1198 (C.D. Cal. 2009).

Plaintiff is capable of amending to plead even more specific facts regarding Defendant's fraudulent transfer if the Court. Since filing the SAC, Plaintiff has received discovery responses from CACH, the contents of which may enhance the allegations already plead. However, the

---

[3] More information regarding these paragraphs is omitted from this opposition in order to avoid having to file this opposition under seal.

[4] More discussion regarding these documents is omitted from this opposition in order to avoid having to file this opposition under seal.

information has been designated as confidential by CACH and therefore, any further amended complaint would have to be filed under seal in the same manner as the SAC.

## V.

## **CONCLUSION**

Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss pursuant to Rule 12(b)(6) in its entirety. In the alternative, Plaintiff requests the Court grant leave to amend the SAC.

Respectfully submitted,

Dated: September 30, 2011       **NICHOLAS & BUTLER, LLP**

By:   s/Matthew B. Butler_____
Matthew B. Butler

**RECORDON & RECORDON**
Stephen G. Recordon

**ROONEY & LICKEL**
Clinton Rooney

Attorneys for PLAINTIFFS