# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MARTINEZ,<br><br>　　　　　　　　　　　Plaintiff,<br>　　vs.<br>CACH, LLC et al.,<br><br>　　　　　　　　　　　Defendants. | CASE NO. 10CV1625 DMS (JMA)<br><br>**ORDER DENYING DEFENDANT CACH, LLC'S MOTION TO DISMISS** |

In this fair debt collections practices action, Defendant CACH, LLC ("CACH") filed a motion to dismiss the third and fourth causes of action for fraudulent conveyance from the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition and CACH replied. For the reasons which follow, CACH's motion is **DENIED**.

Plaintiff is alleged to have incurred debt to Bank of America, N.A. sometime prior to December 2009. The debt was subsequently assigned or transferred to CACH for collection. On December 8, 2009, CACH filed an action against Plaintiff in San Diego Superior Court in an effort to collect the outstanding debt. CACH claimed a right to 24.50 percent annual fixed interest rate on the alleged debt. Plaintiff contends CACH violated the Fair Debt Collection Practices Act ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act") when, as a custom and practice, it sued him and other similarly situated individuals for excessive interest rates it did not have a legal right to collect under statute or contract.

/ / / / /

Plaintiff also alleges CACH fraudulently transferred assets to its parent company and alter ego, Defendant SquareTwo Financial Commercial Funding Corporation ("SquareTwo"), for the purpose of creating the appearance that its net worth was zero in order to avoid liability for damages in the present action and other similar actions. *See* 15 U.S.C. § 1692k(a)(2)(B) (the law limits recovery in debt collection class actions to the lesser of $500,000 or 1% of a defendant's net worth).

On August 4, 2010 Plaintiff filed the instant action. The Court subsequently granted Plaintiff's motion for leave to file the first amended complaint. CACH's motion to dismiss the first amended complaint was denied in part and granted in part with leave to amend. In his second amended complaint, Plaintiff asserted five causes of action: (1) violations of the FDCPA, (2) violations of the Rosenthal Act, (3) actual fraudulent transfer, (4) constructive fraudulent transfer, and (5) alter ego. CACH has moved to dismiss the fraudulent transfer claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

A Rule 12(b)(6) motion tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal quotation marks and citation omitted); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law"). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see also Shroyer*, 622 F.3d at 1041.

In this regard, "to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief." *Shroyer*, 622 F.3d at 1041, citing *Ashcroft v. Iqbal*, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

In reviewing a motion to dismiss under Rule 12(b)(6), the court must assume the truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).  Legal conclusions need not be taken as true merely because they are couched as factual allegations. *Twombly*, 550 U.S. at 555.  Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

The actual fraudulent transfer claim in based on California Civil Code Section 3439.04(a), which provides in pertinent part:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor . . . if the debtor made the transfer or incurred the obligation as follows:
>
> (1) With actual intent to hinder, delay, or defraud any creditor of the debtor.
>
> (2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation . . ..

In support of this claim Plaintiff alleged that CACH's balance sheets show liabilities to SquareTwo in an amount which erases any positive net worth.

Because a claim for actual fraudulent transfer involves an allegation of fraud or mistake, it is subject to Federal Rule of Civil Procedure 9(b), which requires a party to "state with particularity the circumstances constituting fraud or mistake" and is applied by a federal court to both federal law and state law claims. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102-03 (9th Cir. 2003).  A pleading will be "sufficient under Rule 9(b) if it identifies the circumstances of the alleged fraud so that the defendant can prepare an adequate answer." *Fecht v. Price Co.*, 70 F.3d 1078, 1082 (9th Cir. 1995)(quotation omitted).  The same is true for allegations of fraudulent conduct. *Vess*, 317 F.3d at 1103-04.  In other words, fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged. *Id.* at 1106 (quotation omitted).  The particularity requirement of Rule 9(b) is in addition to the plausibility requirement articulated in *Iqbal*.  *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (2011).

In his second amended complaint Plaintiff cited to CACH's balance sheets dated December 31, 2008, January 31, 2009, December 31, 2009 and July 31, 2010.  (Second Am. Compl. at 12 & Exh. C.)  In each instance virtually all of CACH's assets are offset by an obligation payable to SquareTwo.

CACH argues the actual fraudulent transfer claim fails because Plaintiff has not alleged that any funds were actually transferred to SquareTwo. This argument is unavailing because the statute applies equally to transfers and "obligation[s] incurred." *See* Cal. Civ. Code § 3439.04(a). Each of the balance sheets reflects that CACH incurred an obligation toward SquareTwo to the tune of virtually all of the assets.

CACH further argues that the balance sheets at most "reflect a balancing of the books between CACH and its parent for money obtained to purchase debt" (Mot. at 5) and that "the balance sheets attached to the [second amended complaint] just do what the balance sheets are designed to do: balance assets against the liabilities" (Reply at 2). Offsetting assets with liabilities is not the only way to balance a balance sheet. To the contrary, as reflected in CACH's own balance sheets, assets can also be offset by retained earnings or what CACH terms "net worth." (*See* Second Am. Compl. Exh. C.) These line items in all instances show a zero value. (*Id.*) Based on the foregoing, CACH's arguments in support of dismissal of the actual fraudulent transfer claim are rejected.

Plaintiff's constructive fraudulent transfer claim is based on California Civil Code Section 3439.05, which provides in pertinent part as follows:

> A transfer made or obligation incurred by a debtor is fraudulent . . . if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation . . ..

The parties agree that pleading with particularity is not required for this claim. (*See* Mot. at 5.) Federal Rule of Civil Procedure 8(a)(2) therefore provides the pleading standard. It requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). In this regard, factual allegations in the complaint must provide fair notice of the nature of the claim and grounds on which the claim rests. *Twombly*, 550 U.S. at 556 n.3. As long as the complaint meets this standard, it need not include the facts necessary to carry the plaintiff's burden, *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), reversed on other grounds, __ U.S. __, 131 S. Ct. 2074 (2011), or detailed factual allegations, *Twombly*, 550 U.S. at 555.

CACH argues the constructive fraudulent transfer claim is inadequately pled because Plaintiff's allegation, that transfer between CACH and SquareTwo was made without adequate consideration, is conclusory and therefore insufficient to meet the Rule 8(a)(2) standard. The court

1 disagrees.  Comparing the assets and liabilities sides of CACH's balance sheets, one can reasonably
2 infer that CACH did not receive "reasonably equivalent value" from SquareTwo in exchange for the
3 obligations incurred.
4      Based on the foregoing, CACH's motion to dismiss Plaintiff's fraudulent transfer claims is
5 **DENIED**.
6      **IT IS SO ORDERED.**

8 DATED: October 17, 2011

10 HON. DANA M. SABRAW
United States District Judge