STEPHEN A. SCOTT (SBN 67467)
DARA M. TANG (SBN 231413)
**HAYES SCOTT BONINO ELLINGSON & McLAY, LLP**
203 Redwood Shores Parkway, Suite 480
Redwood City, CA 94065
Telephone:   650.637.9100
Facsimile:    650.637.8071

Attorneys for Defendant
SQUARETWO FINANCIAL COMMERCIAL FUNDING
CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MARTINEZ, an individual, on behalf of himself and others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>CACH, LLC, and SQUARETWO FINANCIAL COMMERCIAL FUNDING CORPORATION,<br><br>Defendants. | CASE NO.  10 CV 01625 DMS MDD<br><br>**DECLARATION OF DARA M. TANG IN SUPPORT OF DEFENDANT SQUARETWO FINANCIAL COMMERCIAL FUNDING CORPORATION'S MOTION FOR RULE 11 SANCTIONS**<br><br>Date:        June 8, 2011<br>Time:       1:00 p.m.<br>Dept.:       10<br>Judge:      Dana M. Sabraw |

I, DARA M. TANG, declare as follows:

1. I am an attorney at law, licensed to practice before all of the courts of the State of California and admitted to practice before the United States District Court, Southern District of California. I am an associate attorney at Hayes, Scott, Bonino, Ellingson & McLay, counsel of record for for Defendant SquareTwo Financial Commercial Funding Corporation in this action.

2. Attached hereto as Exhibit A is a true and correct copy of a letter dated March 12, 2012 my office sent to Plaintiff's counsel pursuant to FRCP 11(c)(2).

///

///

///

1  I declare under penalty of perjury under the laws of the State of California that the foregoing
2  is true and correct. If called as a witness, I could and would so testify.
3  Executed this 5th day of April, 2012 at Redwood City, California.

_____
DARA M. TANG

# EXHIBIT A



# HAYES SCOTT BONINO ELLINGSON & McLAY, LLP

ATTORNEYS AT LAW

203 Redwood Shores Parkway, Suite 480
Redwood City, CA 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071
www.hayesscott.com

March 12, 2012

**VIA HAND DELIVERY**

Mr. Stephen G. Recordon, Esq.
RECORDON & RECORDON
225 Broadway, Suite 1900
San Diego, CA 92101

Mr. Clinton Rooney, Esq.
ROONEY & LICKEL
1102 Cesar E. Chavez
San Diego, CA 92113

Mr. Mathew B. Butler, Esq.
NICHOLAS & BUTLER, LLP
225 Broadway, 19th Floor
San Diego, CA 92101

    Re:    *Jesus Martinez v. CACH, LLC and SquareTwo Financial Commercial Funding Corporation*; Civil Action No. 10 CV 01625 DMS JMA in the United States District Court for the Southern District of California

Gentlemen:

    This firm represents SquareTwo Financial Commercial Funding Corporation in the above-referenced matter. Enclosed please find my client's Original Answer to Plaintiff's Second Amended Complaint together with the Motion for Rule 11 Sanctions that we will be filing.

    When you failed to serve the complaint for almost a year, my client hoped that you had recognized the frivolous and groundless nature of the claims asserted against it and that you had chosen to abandon those claims. When it became apparent last week that the failure to serve was a result of your negligence and not an abandonment of those claims our firm was retained. Your decision to pursue those meritless claims has caused my client to incur fees to answer and prepare the attached documents.

    It is my understanding that depositions are currently set in this case for March 15 and 28. Out of respect for the Court's scheduling order we have rushed the preparation of the answer and Rule 11 motion, and one of our attorneys will attend each of the depositions. However, I want to be clear about two points:

Re: *Jesus Martinez v. CACH, LLC and SquareTwo Financial Commercial Funding Corp.*
March 12, 2012                                        Page 2

1. SquareTwo Financial Commercial Funding Corporation intends to pursue its claim for fees against Mr. Martinez; and
2. it also intends to pursue an award of fees against you and your firms.

An immediate dismissal of the claims against our client will mitigate its damages and limit its claim against you and your client. I sincerely hope that you will choose to effectuate such a dismissal rather than cause our client's damages to increase.

Thank you for your attention to this matter.

                                                     Sincerely,

                                                     Stephen A. Scott
                                                     Dara M. Tang

SAS:ac
Enclosures

STEPHEN A. SCOTT (SBN 67467)
DARA M. TANG (SBN 231413)
**HAYES SCOTT BONINO ELLINGSON & McLAY, LLP**
203 Redwood Shores Parkway, Suite 480
Redwood City, CA 94065
Telephone: 650.637.9100
Facsimile: 650.637.8071

Attorneys for Defendant
SQUARETWO FINANCIAL COMMERCIAL FUNDING
CORPORATION

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MARTINEZ, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CACH, LLC, and SQUARETWO FINANCIAL COMMERCIAL FUNDING CORPORATION,<br><br>Defendants. | CASE NO.: 10 CV 01625 DMS MDD<br><br>**DEFENDANT SQUARETWO FINANCIAL COMMERCIAL FUNDING CORPORATION'S MOTION FOR RULE 11 SANCTIONS**<br><br>The Honorable Dana M. Sabraw<br>Courtroom: 10 |

Defendant SquareTwo Financial Commercial Funding Corporation ("Movant") moves the Court to impose sanctions against Plaintiff/ attorneys pursuant to Fed. R. Civ. P. 11, and in support of such motion would respectively show unto this Court the following:

1. Fed. R. Civ. P. 11 provides, in pertinent part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

374533                                -1-
**DEFENDANT SQUARETWO FINANCIAL COMMERCIAL FUNDING CORPORATION'S
MOTION FOR RULE 11 SANCTIONS – CASE NO. 10 CV 01625 DMS MDD**

\* \* \*

2. Plaintiff has sued Movant under state and federal law alleging, *inter ali*, that Movant was engaged in the fraudulent transfer of the assets of Co-Defendant CACH, LLC. There is no basis in fact or law for the allegations against Movant.

3. Plaintiff has alleged in Paragraph 13 of the Second Amended Complaint that Movant is in the business of collecting consumer debts. There is no basis in fact or law for such allegation.

4. Plaintiff has alleged in Paragraph 14 of the Second Amended Complaint that Movant is regularly collects consumer debts. There is no basis in fact or law for such allegation.

5. Paragraph 30 of Plaintiff's Second Amended Complaint states:

> For the purpose of avoiding liability for CACH's unlawful conduct CACH fraudulently transferred assets to their (sic) parent corporation, SQUARETWO.[1]

6. There is no basis in fact or law for such allegations.

7. Plaintiff has alleged in Paragraph 35 of the Second Amended Complaint that "Defendants" conduct has imposed a common injury on the members of Class One and Class Two." Certainly, with regard to Movant, there is no basis in fact or law for such allegation.

8. Plaintiff has alleged in Paragraph 36 of the Second Amended Complaint that "Defendants have acted, and refused to act, on ground generally applicable to Class One and Class Two, which makes final injunctive relief with respect to each claim as a whole appropriate. At least with regard to Movant there is no basis in fact or law for such allegation.

9. Paragraph 60 of Plaintiff's Second Amended Complaint states:

> Defendant SQUARETWO caused Defendant CACH to transfer assets from CACH to SQUARETWO while holding all liabilities related to such assets in order to avoid CACH from demonstrating a "net worth" for the purposes avoiding liability for violations of the FDCPA or Rosenthal Act or both as alleged by Plaintiff in this class action lawsuit or any other litigant with similar claims as Plaintiff, or both.

---

[1] Paragraph 11 of the Second Amended Complaint defines "SQUARETWO" as referring to Movant

10. There is no basis in fact or law for such allegations.

11. Paragraph 61 of Plaintiff's Second Amended Complaint states:

> CACH transferred, and continues to transfer, all assets to its parent SQUARETWO. SQUARETWO assigns liabilities of SQUARETWO to CACH so that CACH's net worth is zero or less. CACH does this to avoid liabilities, including but not limited to liability under consumer protection statutes such as the FDCPA and the Rosenthal Act.

12. There is no basis in fact or law for such allegations.

13. Paragraph 66 of Plaintiff's Second Amended Complaint states:

> Each of the above transfers is evidenced by exhibit "C" attached hereto. Transfers such as these were done by Defendants with the intent to hinder, delay or defraud Plaintiff and the members of the proposed classes in this action, and other creditors, of its (sic) obligations owed to them. Defendants attempted to conceal or remove assets from CACH's ledgers so that it could be "judgment proof" or otherwise not liable for damages and other relief in an action such as the instant action by Plaintiff.

14. There is no basis in fact or law for such allegations.

15. Paragraph 70 of Plaintiff's Second Amended Complaint states:

> Defendant SQUARETWO caused Defendant CACH to transfer assets from CACH to SQUARETWO while holding all liabilities related to such assets in order to avoid CACH from demonstrating a "net worth" for the purposes avoiding liability for violations of the FDCPA or Rosenthal Act or both as alleged by Plaintiff in this class action lawsuit or any other litigant with similar claims as Plaintiff, or both. Plaintiff, on behalf of himself and the members of the proposed classes have a right to payment of damages and other relief sought in this action for the illegal acts of Defendants.

16. There is no basis in fact or law for such allegations.

17. Paragraph 71 of Plaintiff's Second Amended Complaint states:

> CACH transferred, and continues to transfer, all assets to its parent SQUARETWO. SQUARETWO assigns liabilities of SQUARETWO to CACH so that CACH's net worth is zero or less. CACH does this to avoid liabilities, including but not limited to liability under consumer protection statutes such as the FDCPA and the Rosenthal Act.

18. There is no basis in fact or law for such allegations.

19. Paragraph 76 of Plaintiff's Second Amended Complaint states:

> Each of the above transfers is evidenced by exhibit "C" attached hereto. Transfers such as these were done by Defendants with the intent to hinder, delay or defraud Plaintiff and the members of the proposed classes in this action, and other creditors,

374533 -3-

DEFENDANT SQUARETWO FINANCIAL COMMERCIAL FUNDING CORPORATION'S
MOTION FOR RULE 11 SANCTIONS – CASE NO. 10 CV 01625 DMS MDD

of its obligations owed to them. Defendants attempted to conceal or remove assets from CACH's ledgers so that it could be "judgment proof" or otherwise not liable for damages and other relief in an action such as the instant action by Plaintiff. Furthermore, CACH does not receive reasonably equivalent value of assets transferred to parent SQUARETWO for the liabilities CACH has incurred in exchange for such transfer of assets.

20. There is no basis in fact or law for such allegations.

21. Paragraph 77 of Plaintiff's Second Amended Complaint states:

As a result, Plaintiff and the members of Class One and Class Two were harmed by Defendants actions, Plaintiff, on behalf of himself and the members of Class One and Class Two seeks an avoidance of or an order setting aside such fraudulent transfers in an amount to be proven at trial, attachment or other provisional remedies, execution and for the court to enjoin the Defendants from further transfers, and all other remedies available under the law.

22. There is no basis in fact or law for such allegations.

23. Paragraph 78 of Plaintiff's Second Amended Complaint states:

Based on information and belief, Defendant CACH and SQUARETWO in (sic) a similar or functionally reciprocal business of debt collection as defined by the Federal Debt Collection Practices Act. The nature of this relationship results in CACH being nothing more than an instrument and/or conduit of SQUARETWO in the pursuit of the single business venture and/or enterprise of debt collection.

24. There is no basis in fact or law for such allegations.

25. Paragraph 79 of Plaintiff's Second Amended Complaint states:

Based on information and belief, CACH and SQUARETWO share common directors, officers, and employees; and jointly benefit from transactions entered into by one.

26. There is no basis in fact or law for such allegations.

27. Paragraph 80 of Plaintiff's Second Amended Complaint states:

Based on information and belief, SQUARETWO posses dominate (sic) control over defendant CACH's finances, policies, and business practices so that SQUARETWO and CACH may avoid liability and perpetrate a fraud.

28. There is no basis in fact or law for such allegations.

29. Paragraph 81 of Plaintiff's Second Amended Complaint states:

Defendants established this corporate relationship to perpetrate a fraud, to avoid liability, and to avoid the effect of the Federal Debt Collection Practices Act.

30. There is no basis in fact or law for such allegations.

31. The prayer to Plaintiff's Second Amended Complaint requests relief against Movant.

32. There is no basis in fact or law for such request.

33. Plaintiffs' counsel of record have violated FED. R. CIV. P. 11 by making each of the aforesaid allegations. They have sued Movant without any basis in fact or law and without any good faith argument for the extension, modification, or reversal of existing law.

34. Movant requests that the Court make a specific finding that Plaintiff's counsel have violated Rule 11, and that the Court impose against Plaintiff's counsel the maximum sanctions permitted by Rule 11 including, without limitation, an order that they pay all of Movant's fees and costs incurred in defending this action.

35. Movant requests that the Court make a specific finding that the violation of Rule 11 was an intentional and malicious injury.

WHEREFORE, PREMISES CONSIDERED, Movant prays that the Court impose sanctions against Plaintiff's attorneys and award to Movant all of the fees and costs incurred in defending this frivolous suit against it.

Dated: March 12, 2012

HAYES SCOTT BONINO ELLINGSON & MCLAY, LLP

By: _____
STEPHEN A. SCOTT
DARA M. TANG
Attorneys for Defendant
SQUARETWO FINANCIAL COMMERCIAL FUNDING CORPORATION

374533

-5-